## WALTER SCOTT & CO. v. WILSON.

(Circuit Court of Appeals, Seventh Circuit. May 8, 1902.)

### No. 880.

1. APPEAL—DECISIONS REVIEWABLE—ACTION AGAINST RECEIVER OF BANKRUPT.

A final decree rendered in a proceeding by a third person to recover property in the possession of the receiver of a bankrupt is reviewable by a direct appeal, as in cases in equity.

2. SAME—FINAL DECREE.

An order, in a proceeding by a third person to recover property in the possession of a bankrupt, overruling exceptions to the report of a referee, and approving such report, is not a final decree, and appealable.[1]

Appeal from the District Court of the United States for the Northern District of Illinois.

James F. Hutchinson, for appellant.

David B. Gann, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. Upon the adjudication of the J. C. Winship Company as a bankrupt, the appellant filed its petition in the court below, alleging such adjudication in bankruptcy on November 1, 1901, and the appointment of appellee as receiver, who had taken possession of the premises and property of the bankrupt, including certain goods specified, which, it was claimed, belonged to Walter Scott & Co., and had been leased to the bankrupt and were in its possession under such lease. The petition represented the value of the goods to be $7,000, and that they were wrongfully detained by the bankrupt and by the receiver, after failure to pay rent therefor. The receiver denied the title of the petitioner, and set forth that the property was sold and delivered to the J. C. Winship Company pursuant to a contract between the petitioner and the bankrupt, dated July 25, 1899, and that the lease was executed to create and preserve a secret lien upon the property in favor of the petitioner in fraud of the creditors of the bankrupt, contrary to law, whereas, the property was in fact sold absolutely to the bankrupt, and the so-called "lease" was in effect a chattel mortgage and void.

The matter was referred to take proofs, the referee reported in favor of the receiver, and the court below, on December 14, 1901, entered the following order:

"This matter coming on to be heard on exceptions of Walter Scott & Company to the report of Referee Eastman and petition of Walter Scott & Company for return of certain property, come the parties by their solicitors, and, after arguments of counsel and the court being fully advised in the premises, it is ordered that said exceptions be, and the same are hereby, overruled, and the said report be, and the same is hereby, approved."

To this order the appellant excepted, and entered its motion for an appeal, which was allowed.

The appellee now moves to dismiss the appeal upon the grounds: (1) That the order appealed from is not (a) "a judgment adjudging

[1] See Appeal and Error, vol. 2, Cent. Dig. §§ 377 [n, p, r], 475.

or refusing to adjudge the defendant a bankrupt"; (b) "a judgment granting or denying a discharge"; (c) "a judgment allowing or rejecting the debt or claim of five hundred dollars or over." 30 Stat. c. 541, § 25a. (2) That the order is interlocutory, and not appealable. (3) That the appeal cannot be entertained as a petition to revise, under paragraph "b" of section 24 of the bankruptcy act.

The first objection must be overruled. The proceeding below, within our ruling in Stelling v. G. W. Jones Lumber Co. (decided May 6, 1902) 116 Fed. ——, was, in substance, a bill in equity filed against the receiver to obtain property then in possession of the court through its receiver. It was an independent suit in the nature of an equitable replevin. The court below had jurisdiction only because the appellant consented to and invoked the jurisdiction. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. It was not a proceeding "in bankruptcy," as the term is employed in the section granting an appeal, but a decree of the court below in that proceeding is reviewable here by a direct appeal, as in all cases in equity.

We are, however, of opinion that the appeal is premature. There was no final decree from which an appeal could be taken. The order complained of is not a final decree adjudging the appellant's right and dismissing its bill or petition. It simply overruled the exceptions to the master's report and approves of the report. It neither determines the appellant's right nor disposes of its suit. It still remains within the power of the court below to set aside that report, to re-refer the case, and to direct further evidence to be taken. "A confirmed report, at best, stands in the same relation to a decree as a verdict to a judgment. It may be almost certain that the decree will follow it, but it cannot be enforced until the decree is entered." Kingsbury v. Kingsbury, 20 Mich. 212.

The appeal, being therefore premature, must be dismissed.