## In re BERMAN.

### FEDERAL BOND & MORTGAGE CO., Inc., v. GUARDIAN TRUST CO.

No. 5873.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1932.

L. W. McCandless, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for appellant.

Henry Glicman, of Detroit, Mich. (Finkelston, Lovejoy & Kaplan, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

On December 4, 1928, William Berman was adjudicated a bankrupt. On May 21, 1929, the Guardian Trust Company, the trustee of his estate, filed its petition, in which it sought a summary order requiring the Federal Bond & Mortgage Company to turn over to it approximately $16,000 which it alleged the mortgage company was holding for the bankrupt. The referee ordered the mortgage company to appear and show cause why the order should not be granted. The mortgage company objected to the jurisdiction of the court. It averred that it was an adverse claimant of the fund under an assignment executed by the bankrupt on April 19, 1928.

At a hearing on June 19, 1929, the referee decided that the court had jurisdiction, and directed that the hearing proceed on June 27th on the show cause order. On June 25th, the mortgage company filed its petition for a review of the finding upon the jurisdictional question. It also sought a court order to stay the proceedings before the referee pending the review. On June 27th, one of the judges for the district granted the stay. On the next day the trustee moved to vacate it, and on January 6, 1930, the judge denied the motion.

In a memorandum opinion he directed that the order of the referee be reviewed up-

on its merits, and suggested the appointment of a special master, who should report his findings of fact and conclusions of law. The order entered upon this memorandum, however, re-referred the matter to the referee "for determination of the case upon its merits," and directed that all proceedings be had in conformity with the memorandum opinion.

The evidence adduced before the referee disclosed without serious controversy that, after Act No. 228 of the Michigan Public Acts of 1925 had become effective, the bankrupt executed to the mortgage company a mortgage upon each of two apartment houses owned by him. This Michigan statute allowed the owner of mortgaged property to assign the rents for the benefit of bondholders, and made the assignment binding upon tenants from the date the trustee had filed with the register of deeds a notice of default in the terms of the mortgage, and had served a copy upon the tenants. The evidence is that the mortgages included such assignment clauses; that the bankrupt had defaulted; that the mortgage company was about to foreclose or collect the rents; and that to forestall this course the bankrupt executed the assignments of April 19, 1928, in which he sold, assigned, and transferred to the mortgage company all of his rights, title, and interest in and to any and all leases then made, or thereafter to be made, and all rents, issues, profits, and income then due, or thereafter to become due, or to be derived from the premises, and constituted the mortgage company the bankrupt's attorney, to do and perform all acts touching the premises in like manner as the bankrupt could do; that the bankrupt surrendered possession to the mortgage company that it might enforce the assignments until the defaults were made good; and that the fund in controversy consisted of rentals collected by the mortgage company under this arrangement. We think this showing reflected a substantial claim (Harrison v. Chamberlin, 271 U. S. 191–194, 46 S. Ct. 467, 70 L. Ed. 897), but the referee found to the contrary. He decided that the fund belonged to the bankrupt; that the trustee was entitled to its possession; that the claim of the mortgage company was colorable and not adverse; and that the court had jurisdiction to make the turnover order, and he certified these findings, with a transcript of the record, to the judge, but the referee made no turnover order. Following a hearing, the court (a different judge presiding) on July 21, 1930, ordered "that the decision of the Special Master herein be, and the same is hereby sustained." In fact no "Special Master" had made any decision, nor had been appointed, but we assume that the judge referred to the referee as a "Special Master" because the order of reference read in connection with the memorandum opinion herein referred to undoubtedly delegated to the referee the powers of a master. But the court granted no turnover order.

On August 15th the mortgage company moved that the order of July 21st be vacated, and that a special master be appointed to hear testimony and report upon the question of jurisdiction. In response to said motion the court, on November 3, 1930, entered an order to the effect that, if the mortgage company should execute and file a certain stipulation on or before November 7th, the order of July 21st would stand vacated, and a special master would be appointed; otherwise it would remain in full force.

On November 7th the mortgage company moved in the alternative to amend the order of November 3d by striking from it the conditions imposed, or to "now, forthwith" sustain the mortgage company's objection to jurisdiction; to vacate the show cause order; and to dismiss the trustee's petition for a summary order. On November 25, 1930, the court denied this motion in toto. On December 23d the mortgage company appealed.

We think the appeal should be dismissed, not only because it was not taken within thirty days after the order of July 21st had been rendered or entered (U. S. C. tit. 11, § 47(c), but because no order made by the referee or the court below was appealable. These orders adjudged nothing touching the merits of the controversy, and settled no rights of either party thereto. They were procedural and administrative only, and wholly within the discretion of the court. In re Chotiner, 218 F. 813 (C. C. A. 3). See, also, Rode & Horne v. Phipps, 195 F. 414–418 (C. C. A. 6).

But the dismissal of the appeal does not automatically require the mortgage company to turn over the fund. For that purpose an appropriate order or decree is an essential, and none such has been granted. The case has not progressed in the bankruptcy court beyond the confirmation of the decision of the referee or special master. Whether a turnover order shall issue is a question for that court, and it has control of the whole matter until the final determination of the case. In re Ives, 113 F. 911, 913

(C. C. A. 6); In re Flanders Company, 32 F.(2d) 654–655 (C. C. A. 6). The mortgage company is in possession of the fund, and, until a turnover order issues, it has no "real grievance" which we are required to consider. Walter Scott & Co. v. Wilson, 115 F. 284–285 (C. C. A. 7); In re Chotiner, supra; Pearson v. Higgins, 34 F.(2d) 27, 28 (C. C. A. 9). Any appeal prior to that time is premature.

Appeal dismissed.