**In re AVONDALE FARMS DAIRY, Inc.**

No. 20149.

District Court, E. D. of Pennsylvania.
Nov. 1, 1938.

Richard C. Bull, of Philadelphia, Pa., for petitioner.

Schnader & Lewis, of Philadelphia, Pa., for debtor.

DICKINSON, District Judge.

One and, for present purposes, the only objection to the allowance of the motion is the want of judicial power in the Court to make it. This has been voiced in a counter motion to dismiss the original motion.

The fact situation is that the debtor corporation at one time operated a store in the City of Stroudsburg, in Monroe County, outside of the territorial jurisdiction of this Court. At this store the debtor corporation sold its product to the general public as its customers. The policy of the debtor was changed to that of making such sales through other parties. The business had been operated on leased premises, the debtor accordingly, with the consent of its lessor, canceled the lease. This was in expectation that it would be succeeded as lessee by Benjamin Stein, the respondent, who would enter into an agreement with them to conduct the store on the leased premises, selling only the product of the debtor, and agreeing to buy all of his supplies from the debtor. A lease was accordingly made by the owner of the store to Stein, who entered into an agreement with the debtor, such as we have outlined. He complied for a time with the terms of his agreement but later, for reasons of his own, notified the debtor that he would thereafter purchase supplies from others than the debtor and no longer exclusively sell the debtor's product. In the meantime a petition had been filed under section 77B (11 U.S.C.A. § 207) and the proceedings were pending at the time of the above notification to the debtor. As part of the contract between Stein and the store property of the debtor was left in the possession of Stein in the carrying out of the agreement. Stein further notified the debtor that it should take all of its property in his possession and on its failure to remove the same he would place it in storage at the debtor's expense. This move of Stein was met by the present motion, which is in effect, as we view it, the equivalent of a bill for specific performance of the Stein contract. This motion, as we have said, is met by the objection of Stein, that the Court has no jurisdictional power to make or enforce any order against him.

■ Counsel for the debtor seek to uphold the power of the Court by an argument which presents very clearly their view. It proceeds on the proposition of law for which Continental Illinois Nat. Bank & Trust Co. v. Chicago R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, is cited that the Court in 77B proceedings has jurisdiction and control over the assets of the debtor wherever situated. This proposition must be accepted.

■ It follows that this Court could make any order to protect the tangible property of the debtor in the possession of Stein. The real controversy however is not

over the tangible property but over what counsel for the debtor describes as an intangible asset of the debtor, consisting of its good will in the business. In other words, it asserts that when it was itself conducting the business it owned in addition to the tangible assets of the store its good will. This undoubtedly is in one sense property.

■ The claim of right which the debtor is asserting against Stein arises wholly out of his contract and what it seeks from the Court is an order upon Stein requiring him to purchase the supplies for his store from the debtor and from no one else. This, as we have said, is the equivalent of a bill for specific performance of a contract. Stein is undoubtedly under whatever legal obligations he has incurred because of his contract and whatever the rights of the debtor are under this contract may be enforced at law or in equity. The debtor, for illustration, may bring an action against him for breach of his contract to recover whatever damages it had thereby suffered. It may likewise be said that it would have the right to file against Stein a bill for specific performance of his contract. Had the plaintiff resorted to either an action at law or to such a bill in equity the action or proceeding must have been brought in a Court whose process could have been served on Stein within its territorial jurisdiction. The jurisdiction of this Court does not extend to Monroe County. The distinction between summary and plenary process has some application here. Granted that the debtor has a cause of action against Stein, which could be enforced either in a Court of Law or Equity by plenary process brought in the jurisdiction of the defendant, he would not be open to the summary process of a Court of another jurisdiction. This includes the distinction which we have already indicated between what we have called the tangible assets which are in the care and under the control of this Court and the rights under the contract into which Stein has entered. We do not doubt the jurisdiction of this Court by summary process to take any steps necessary for the protection of tangible property of the debtor which is in the possession of Stein.

Our conclusion is that this Court has no judicial power by summary action to require Stein to comply with his contract.

Under the motion as made an order may be submitted extending protection to the tangible assets of the bankruptcy estate which are in the hands of Stein but that part of the motion which asks us to make an order on Stein to comply with his contract is dismissed as beyond the judicial power of this Court to make.

The modified decree suggested may be submitted, but if not so submitted within ten days the motion as made is dismissed.