In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

Appeal of FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, WISCONSIN, in No. 19,340.

Appeal of MARINE MIDLAND GRACE TRUST COMPANY OF NEW YORK, in No. 19,341.

Appeal of NATIONAL BANK OF DETROIT, in No. 19,342.

Appeal of LINCOLN ROCHESTER TRUST COMPANY, ROCHESTER, NEW YORK, in No. 19,343.

Appeal of CENTRAL PENN NATIONAL BANK, PHILADELPHIA, PENNSYLVANIA, in No. 19,344.

Appeal of CITIZENS FIDELITY BANK & TRUST COMPANY, LOUISVILLE, KENTUCKY, in No. 19,345.

Appeal of FIRST NATIONAL BANK OF MARYLAND, BALTIMORE, MARYLAND, in No. 19,346.

Nos. 19340–19346.

United States Court of Appeals, Third Circuit.

Argued Sept. 28, 1971.

Decided Dec. 23, 1971.

As Amended Jan. 18, 1972.

John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa. (John F. Headley, Philadelphia, Pa., on brief), for National Bank of Detroit and Lincoln Rochester Trust Co., Rochester, N. Y.

Fred W. Freeman, John A. Krsul, Jr., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for National Bank of Detroit, on brief.

Ruth B. Rosenberg, John R. Tyler, Jr., Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for Lincoln Rochester Trust Co., Rochester, N. Y., on brief.

David E. Beckwith, F. Anthony Maio, Foley & Lardner, Milwaukee, Wis., Howard Gittis, Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadel-

phia, Pa., for First Wisconsin National Bank of Milwaukee, Wis., on brief.

Thomas W. Bullitt, Tarrant, Combs, Blackwell & Bullitt, Louisville, Ky., for Fidelity Bank & Trust Co., Louisville, Ky., on brief.

James P. Gillece, Robert B. Barnhouse, Piper & Marbury, Baltimore, Md., for First National Bank of Maryland, Baltimore, Md., on brief.

John Francis Gough, White & Williams, Philadelphia, Pa. (Thomas R. White, Jr., LeRoy E. Perper, Philadelphia, Pa., on brief), for Central Penn National Bank, Philadelphia, Pa., Citizens Fidelity Bank & Trust Company, Louisville, Ky., and First National Bank of Maryland, Baltimore, Md.

Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Marine Midland Grace Trust Co. of N. Y., on brief.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa. (Robert W. Blanchette, Richard P. McElroy, Philadelphia, Pa., on brief), for the Trustees of the Property of the Penn Central Transportation Co., appellees.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

A proceeding for the reorganization of Penn Central Transportation Company, a railroad corporation, under section 77 of the Bankruptcy Act, 11 U.S.C. § 205, was initiated by an order of June 21, 1970, wherein the District Court for the Eastern District of Pennsylvania approved the railroad's petition for reorganization and made various provisions concerning the continuation of the debtor's business and the operation of the railroad.

Paragraph 10 of the order reads in part as follows:

"All persons, firms and corporations, . . . holding for the account of the Debtor deposit balances or credits be and each of them hereby are restrained and enjoined . . . from off-setting the same, or any thereof, against any obligation of the Debtor, until further order of this Court."

Paragraph 7 of the order, as amended on June 23, 1971, authorizes depositories of the debtor's funds to continue to honor the debtor's checks and drafts against its bank accounts, provided that such action "shall be without prejudice to any claim of set-off and/or any claim of priority by such depositor."

The debtor maintained bank accounts aggregating millions of dollars in some 142 banks in various places and drew on these accounts to meet payrolls and other essential expenses of current operations. The present appellants are such banks. After the reorganization order of June 21 had been entered, each of the appellants set off the balance in the debtor's bank account against amounts the debtor owed it.

The reorganization court then required the appellants to show cause why they should not honor the debtor's withdrawals and also be adjudged in contempt of the judicial prohibition of set-off. After a hearing and the consideration of evidence the court particularly ordered each of the appellants to restore to the account of the debtor "all balances as the same existed on June 21, 1970" and to permit withdrawals in normal course to the full extent of such restored balances. There was no adjudication of contempt. The appellants complied with this order, 315 F.Supp. 1281, under protest and noticed and perfected the present appeals from it.

■ The appellants contend that prohibition of set-off of the debtor's bank accounts was beyond the jurisdiction of the reorganization court and could lawfully be accomplished only in plenary proceedings in each of which a competent court of general jurisdiction should obtain personal jurisdiction over a depository bank.

Section 77 of the Bankruptcy Act provides that upon a district court's ap-

proval of a railroad petition for reorganization, ". . . the court in which the order is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located, and shall have and may exercise in addition to the powers conferred by this section all the powers, not inconsistent with this section, which a court of the United States would have had if it had appointed a receiver in equity of the property of the debtor for any purpose." 11 U.S.C. § 205(a). The bank accounts with which this appeal is concerned are property of the debtor in the form of choses in action. The appellant banks, being both creditors and debtors of the railroad, are contending that the reorganization court, though vested by express provision of section 77 with ". . . all the powers . . . which a court of the United States would have had if it had appointed a receiver in equity of the property of the debtor . . ." cannot lawfully exercise jurisdiction to the extent of restraining them from satisfying their claims against the debtor by setoff and from thus, through self help, eliminating or reducing the balances outstanding in the debtor's bank accounts, as this intangible property existed at the time the reorganization petition was approved.

Even in Chapter X corporate reorganizations, where normally the public interest in the survival of the enterprise is a less compelling consideration than in railroad reorganization, a reorganization court may exercise the power of an equity court administering a receivership to restrain creditors from selling the debtor's collateral or pledges, or from setting off the debtor's choses in action, to satisfy outstanding obligations. Lowden v. Northwestern National Bank, 1936, 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114; Continental Illinois National Bank v. Chicago, R. I. & Pac. Ry., 1935, 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 3rd Cir. 1949, 174 F.2d 783; In re Cuyahoga Finance Co., 6th Cir. 1943, 136 F.2d 18.[1] In an *a fortiori* situation where, as here, the debtor was a railroad in reorganization,[2] this court has approved an order of a reorganization court prohibiting another railroad from applying the procedure of set-off to obligations outstanding between it and the debtor. In re Central R. R. Co. of New Jersey, 1968, 392 F.2d 589, aff'g per curiam D.N.J. 1967, 273 F.Supp. 282.

The appellants seek to distinguish some, if not all, of these cases on the ground that the dispositive proceedings in the reorganization courts were plenary rather than summary. It is true that, *ex necessitate rei*, the original order approving the present reorganization petition and restraining set-off until further order of the court was entered ex parte. But the order from which this appeal has been taken, restraining the appellants individually from utilizing the remedy of set-off as to particular accounts and obligations, was entered only after notice,[3] a full hearing and judicial consideration of all testimony and argument that these appellants chose to present. No essential characteristic of a plenary proceeding was lacking.

In these circumstances, the gravamen of the appellants' complaint is not that the proceeding lacked due process or plenary character but rather that the reor-

---

1. The cited cases recognize that section 68 of the Bankruptcy Act which sanctions set-off in ordinary bankruptcy is not controlling in corporate reorganizations. *See also* In re Yale Express System, Inc., 2nd Cir. 1966, 362 F.2d 111.

2. The Supreme Court recently has reminded us that in railroad organization " . . . the public interest is not merely a pawn to be sacrificed for the strategic purposes or protection of a class . . . " of claimants. *See* Penn-Central Merger Cases, 1968, 389 U.S. 486, 511, 88 S.Ct. 602, 614, 19 L.Ed.2d 723.

3. Section 77(a) in its present form. 11 U.S.C. § 205(a), expressly provides that "[p]rocess of the [reorganization] court shall extend to and be valid when served in any judicial district."

ganization court undertook to interfere with their claimed right of set-off rather than leaving this disputed question to adjudication in an original suit in some court of general jurisdiction. We are asked to apply the concept, familiar to ordinary bankruptcy by force of section 23 of the Bankruptcy Act, 11 U.S.C. § 46, that when controversy exists whether the bankrupt or some other person owns property, the trustee must vindicate the bankrupt's claim in a separate action in a court of general jurisdiction. But this requirement applies only where there is a bona fide dispute concerning the bankrupt's entitlement at the time of bankruptcy. May v. Henderson, 1925, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870. Here, the dispute is not about the existence or amount of any bank's indebtedness to the railroad on June 21, 1970 when reorganization proceedings were instituted, but rather whether the banks are privileged, during the pendency of reorganization, to elect to satisfy their own claims against the railroad by self help through the remedial device of set-off. Indeed, by claiming set-off the banks necessarily admit their obligations to the railroad and seek to discharge them in a manner other than by payment. The reorganization court has merely denied them resort to that remedy during reorganization. Its decision was grounded upon equitable considerations inherent in the administration of the statutory scheme of railroad reorganization. Indeed, the district court found that the continuation of the operation of the railroad, the basic purpose of reorganization, would have been frustrated if the 142 banks in which it maintained accounts aggregating millions of dollars were permitted to set-off these balances. It was neither necessary nor desirable to have that matter adjudicated in a court of general jurisdiction, for the dispute was within the area of special concern and competency of the reorganization court and it did not present any controversy about entitlement to property when reorganization began.

Finally, it is noteworthy that the reorganization court left open the question of what preferential treatment, if any, should be accorded the appellants at a later stage of the reorganization with reference to their claims which they have been prohibited from satisfying by set-off during the initial stage or reorganization. *Cf.* In re New York, N. H. & H. Ry., 2nd Cir. 1945, 147 F.2d 40, cert. denied Mass. v. New York, N. H. & H. R. Co., 325 U.S. 884, 65 S.Ct. 1577, 89 L.Ed. 1999. Even secured creditors of a railroad must submit to the risk inherent in judicial suspension of the rights they normally would have to enforce their liens against property of the debtor during the pendency of a reorganization proceeding. New Haven Inclusion Cases, 1970, 399 U.S. 392, 489–494, 90 S.Ct. 2054, 26 L.Ed.2d 691.

The order from which these appeals have been taken will be affirmed.

SEITZ, Chief Judge (concurring).

The issue before us is whether the reorganization court had summary jurisdiction to order that appellants honor Penn Central's post-petition drafts on its accounts and to enjoin each appellant from setting off against the Company's deposits its respective outstanding loan balances. It is contended that by simultaneously permitting withdrawal and enjoining set-off pursuant to a summary proceeding the reorganization court effected a turnover of Penn Central's funds held by appellants in contravention of section 23 of the Bankruptcy Act, 11 U.S.C. § 46.

Section 23 requires that adverse claims to property held other than by the debtor must be decided in a plenary proceeding by a court of general jurisdiction. It is for the reorganization court, however, to decide at the outset whether adverse claims in fact exist. *See* May v. Henderson, 268 U.S. 111, 115, 45 S.Ct. 456, 69 L.Ed. 870 (1925). The sole basis for the claims here asserted is the contractual right of set-off embodied in the various loan agreements existing between Penn Central and the

appellants. The reorganization court determined, as it is permitted to do, that in the factual setting of this reorganization the right should not be recognized. *See* Lowden v. Northwestern Nat'l. Bk. & Trust Co., 8 Cir., 84 F.2d 847, cert. denied 299 U.S. 583, 57 S.Ct. 109, 81 L. Ed. 430 (1936). *See generally* 5 Collier on Bankruptcy, § 77.10 and n. 6 (14th ed. 1970). This determination in effect eliminated appellants' adverse claims against Penn Central's deposits since appellants do not contest the Company's right thereto in the absence of the right of set-off. *Compare* In re Standard Gas & Electric, 119 F.2d 658, 662 (3rd Cir. 1941). Consequently, the reorganization court had summary jurisdiction to order appellants to honor the Company's drafts and to enjoin appellants' right of set-off.