**Ramon A. WILLYERD et al.,
Plaintiff-Appellant,**

v.

**BUILDEX COMPANY, Defendant-
Appellee.**

**No. 71-2081.**

United States Court of Appeals,
Sixth Circuit.

July 6, 1972.

---

Janet E. Kinnane, Bay City, Mich., for plaintiff-appellant.

Charles F. Marino, Chicago, Ill., for defendant-appellee.

Before EDWARDS and MILLER, Circuit Judges, and ENGEL, District Judge.*

ENGEL, District Judge.

Ramon A. Willyerd, individually and doing business as All-Temp Engineering, appellant, was adjudicated a bankrupt on April 18, 1969. Listed in his Bankruptcy Schedule B–3 as a chose in action was a debt allegedly due the bankrupt by Buildex Company, appellee here, in the amount of $15,043.67.

On November 24, 1970 the duly appointed trustee of the bankrupt, on petition, secured from the referee an order directed to Buildex to show cause why

* Hon. Albert J. Engel, United States District Court for the Western District of Michigan, sitting by designation.

the account receivable as listed should not be turned over to the trustee.

On February 17, 1971, the date to which the initial show cause hearing was adjourned, Buildex filed a special and limited appearance and a motion to vacate the show cause order issued by the referee. Grounds alleged for the motion were lack of subject matter jurisdiction because:

"(a) Said order does not relate to any property belonging to the bankrupt in the possession of Buildex Co.;

(b) Said order relates to a disputed account receivable for work allegedly performed by the Bankrupt for Buildex and

(c) Neither the Bankrupt nor the trustee has enforced any mechanic's lien or filed suit with respect to said disputed account receivable in a court having jurisdiction over the subject matter and persons involved."

Buildex also alleged lack of in personam jurisdiction, it being an Illinois corporation and the show cause order having been mailed to its office in Des Plaines, Illinois.

At the hearing before the referee, Buildex also orally objected to the court's jurisdiction. Without inquiring into the matter further and without receiving affidavits or other evidentiary materials, the referee concluded:

"As to accounts receivable, there are many cases that rule that it is properly in the constructive position [sic possession] of the bankruptcy court, and this court will rule that way, and, of course take jurisdiction over the suit."

That done, Buildex then filed its answer to the show cause order. The answer, denying any liability to Willyerd generally, set forth two contracts with Willyerd, d/b/a All-Temp Engineering. In one All-Temp was to furnish labor, materials and equipment to complete the plumbing and heating in four apartment buildings under construction in Ingham County, Michigan. The second contract covered similar work in the construction of a community house being built at the same location. The answer alleged payment of Buildex of $115,491 of the $132,400 total price originally agreed upon. Buildex alleged that Willyerd breached his contracts in a number of particulars, compelling it to complete the job and incur expenses which excused further payment of any balance. The alleged breaches were stated with great particularity. Sepcific expenses totalled $12,560.10. In addition, Buildex claimed an agreed credit of $250, $5,289.39 for loss of rental from delay in occupying, and further general damages, unspecified, in the sum of $10,000.

Although the answer was not filed with the Bankruptcy court until the day of hearing, the trustee acknowledged receipt of it within the twenty days specified in the show cause order.

Following the hearing on February 17, the referee on March 9, 1971 entered an "Order Affirming Jurisdiction," finding that it "has jurisdiction over the subject matter and parties" and denying the motion to vacate the show cause order. The record indicates the intention of the referee thereupon, at a later date, to hear the dispute on the merits.

A petition for review, filed by Buildex, intervened, and upon settlement, certification, and hearing on briefs before the District Judge, resulted in reversal of the referee's order affirming jurisdiction and the granting by the district court of Buildex's motion to vacate the show cause order. This appeal by the trustee for the bankrupt followed.

The issues presented on appeal, as we see them, are:

(a) Did the record made support the order of the referee affirming jurisdiction and thus support his jurisdiction to proceed to a hearing on the merits of the claim involving the disputed debt?

(b) Does a District Judge have power to review a bankruptcy referee's order affirming jurisdiction prior to a final hearing on the merits of the claim involving the disputed debt?

(c) If the referee erred in affirming jurisdiction without a preliminary inquiry, was the power of the District Judge limited, on review, to remand with instructions to hold such a hearing?

## I.

■ The District Judge held that under the facts presented, the actual existence of the chose in action was in issue and that resolution of that issue was not within the jurisdiction of the referee, absent consent, but may be decided in a plenary suit. We agree.

■■ Proceedings in bankruptcy are essentially summary, as opposed to plenary, in nature. Summary jurisdiction over the assets of a bankrupt depends upon a finding that the bankruptcy court has possession of the disputed property. As stated in Thompson v. Magnolia Petroleum Co., 309 U.S. 478, p. 481, 60 S.Ct. 628, p. 630, 84 L.Ed. 876 (1940):

*First.* Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy.

The threshold question for the Bankruptcy Court to determine, therefore, was whether it had actual or constructive possession of the debt claimed due from Buildex.

"As every court must have power to determine, in the first instance, whether it has jurisdiction to proceed, the bankruptcy court has, in every case, jurisdiction to determine whether it has possession actual or constructive. It may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court."

Taubel, etc. Co. v. Fox, 264 U.S. 426, 433, 44 S.Ct. 396, 399, 68 L.Ed. 770 (1924).

■■ Here it was incumbent upon the referee in the first instance to determine whether the trustee had actual or constructive possession of the debt allegedly due from Buildex. This in turn required a preliminary inquiry into the nature of the dispute to ascertain whether the adverse claim of Buildex was real and substantial or "so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color or merit and a mere pretense." In Re Cadillac Brewing Co., 102 F.2d 369, 370 (6th Cir. 1939). If the latter, the bankruptcy court could properly assume jurisdiction; if the former, however, it could not and plenary action by the trustee against Buildex was required. See Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926).

■ The record here satisfies us as it did the trial judge that the minimum requirements of a preliminary inquiry by the referee were not met, particularly in view of the nature of the claim asserted and the timely challenge by Buildex to the jurisdiction of the bankruptcy court. In re Eakin, 154 F.2d 717, 719, (2nd Cir. 1946):

"[1, 2] A bankruptcy court has summary jurisdiction to adjudicate, without consent, controversies concerning title to property of which it has possession. Possession need not be actual. Constructive possession is sufficient. Possession of the bankruptcy court exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the Trustee; where the property was delivered to the Trustee, but was thereafter wrongfully withdrawn from his possession; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by

some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable.

The rule applies to intangible property.

[3] But an action to enforce a debt from the alleged debtor of the bankrupt, where the debtor denies the existence of the debt, is not within the summary jurisdiction. The Trustee, in such a case, cannot claim possession, because the existence of the chose in action is the issue in dispute."

As Judge Freeman stated in In Re Hammond Standish & Co., 126 F.Supp. 353 (ED Mich.1954) page 355:

"In the case of In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, at pages 661–662, the Court, in discussing the above provisions of the Bankruptcy Act, stated:

'In a broad sense a claim by a debtor against a third person is property of the debtor. As such the reorganization court may direct its prosecution by the trustee of the debtor if it is appropriate to do so in order to effect the debtor's reorganization. But it is a species of property which may only be realized upon for the benefit of the debtor and its creditors by the successful prosecution of a plenary suit against the third persons involved.'

Collier on Bankruptcy, 14th Edition, Section 23.05, page 481, says:

'Nor will the bankruptcy court, through its summary jurisdiction, undertake to enforce a chose of action against the debtor or obligor thereon.'

Therefore, it seems clear that a bankruptcy court cannot exercise its summary jurisdiction to enforce a chose of action against a debtor, unless such jurisdiction is consented to by the debtor."

## II.

A more serious question is raised by the trustee's assertion that the order af-firming summary jurisdiction was interlocutory, that review thereof was at best premature and should only have been entertained by the district judge when, and if, the referee entered a final order to turn over the disputed debt. The trustee urges that the question is of some moment in bankruptcy practice in that a precedent condoning district court review of interlocutory decisions of the referee not only throws an unnecessary burden upon the district court, but unduly interferes with the orderly administration of bankrupt estates. To the extent our decision here poses such a problem, the exercise of sound discretion by the trial judge can correct

Appellant places heavy reliance upon In Re Berman, 57 F.2d 845 (6th Cir. 1932) and language appearing at page 846 therein:

"We think the appeal should be dismissed, not only because it was not taken within thirty days after the order of July 21st had been rendered or entered (U.S.C. tit. 11, § 47(c)), but because no order made by the referee or the court below was appealable. These orders adjudged nothing touching the merits of the controversy, and settled no rights of either party thereto. They were procedural and administrative only, and wholly within the discretion of the court. In re Chotiner, 218 F. 813 (C.C.A. 3). See, also, Rode & Horn v. Phipps, 195 F. 414–418 (C.C.A. 6).

[2] But the dismissal of the appeal does not automatically require the mortgage company to turn over the fund. For that purpose an appropriate order or decree is an essential, and none such has been granted. The case has not progressed in the bankruptcy court beyond the confirmation of the decision of the referee or special master. Whether a turnover order shall issue is a question for that court, and it has control of the whole matter until the final determination of the case. In re Ives, 113 F. 911, 913 (C.C.A. 6); In re Flanders Company, 32 F.2d 654–655 (C.C.A. 6). The mortgage

company is in possession of the fund, and, until a turnover order issues, it has no "real grievance" which we are required to consider. Walter Scott & Co. v. Wilson, 115 F. 284–285 (C.C.A. 7); In re Chotiner, supra; Pearson v. Higgins, 34 F.2d 27, 28 (C.C.A. 9). Any appeal prior to that time is premature."

On examination of In Re Berman, supra, two distinctions become immediately apparent. First, the controversy centered not upon the existence of the chose in action, as here, but upon the validity of the assignment of it. Second, the referee had in fact made a determination that the claim was colorable and not adverse, findings singularly absent here. Most important, however, is the fact that the appellate court in dismissing the appeal in no manner questioned the district court's exercise of its power to review the question of summary jurisdiction, but on the contrary held that its orders were procedural and administrative only, and "wholly within the discretion of the court." Upon the basis of *Berman*, it would appear, therefore, that it was within the trial judge's discretion here to review the referee's decision.

Appellant cites several other cases to the effect that orders denying or affirming summary jurisdiction are not appealable as final orders. Examination of those cases reveals that they involve appeals to the Court of Appeals and not review by the district court.[1]

Section 39(c) of the Bankruptcy Act provides that:

"a person aggrieved by an order of a referee may, within ten days after the entry thereof . . . file with the referee a petition for review of such order by a judge . . . Unless the person aggrieved shall petition for review of such order within such ten-day period . . . the order of the referee shall become final."

We find no language in the statute cited limiting the district court's power of review to "final" orders and we add none here. In this regard we agree with the interpretation placed upon that section by the Ninth Circuit in Sulmeyer v. Pfohlman, 329 F.2d 915, 917 (1964):

"Section 39, sub. c, as amended, of the Bankruptcy Act, 11 U.S.C. § 67, sub. c (1958), providing for district court review of the orders of referees in bankruptcy, places no restriction on the kinds of orders subject to review. District courts therefore have jurisdiction to review interlocutory orders although they may, in the exercise of discretion, decline to do so. Accordingly, while district courts usually discourage the review of orders which deal with preliminary procedural matters, acceptance by the district court of such a review is not ground for reversal in this court. See 8 Remington on Bankruptcy, 6th ed., § 3405, p. 296; 2 Collier on Bankruptcy, 14th ed., § 39.21, pp. 1499–1501; Hunt, Appeals in Bankruptcy Cases (1937), 10 So. Cal.L.Rev. 296, 304."

■ We, therefore, hold that the district court had jurisdiction to review the referee's order affirming summary jurisdiction.

### III.

■ Appellant challenges the power of the district court on petition for review to determine finally the issue of summary jurisdiction and insists that at best the matter should have been remanded to the referee to determine whether the claim was actually adverse or merely colorable. We hold that while it was within the discretion of the judge to do so, he was not obliged to. In Re Berman, supra. Appellant finally complains that the district judge "appears to have decided the case on the merits as he saw it from the answer and reply,

---

1. It could thereby be argued that the trustee's claim of prematurity applies more properly to his own appeal to this court. In Re Berman, *supra*; United

Kingdome Mutual Steamship Ass'n. v. Liman, 418 F.2d 9 (2nd Cir. 1969); In Re Christ's Church of the Golden Rule, 172 F.2d 523 (9th Cir. 1949).

but without testimony or proof of any allegations." It had to be apparent to the district judge from an examination of the answer and reply, as it is to us, that the claim was both adverse and substantial. That was sufficient for his purposes. Furthermore we cite with approval the following observation of the court in Sulmeyer v. Pfohlman, supra, 329 F.2d at p. 917:

"The lack of findings and conclusions essential to sustain a determination that summary jurisdiction existed, warranted the reversal of the referee's order, whether or not that was the ground of reversal. Since the referee's order was properly reversed it is unnecessary to decide whether the district court was correct in determining that the bankruptcy court lacked summary jurisdiction. For if the bankruptcy court had such jurisdiction, it was not compelled to exercise it. It could, in the exercise of a sound discretion, permit the controversy to be determined in a plenary suit in the state court. In substance this is what the district court did and nothing in the record indicates to us that the court abused its discretion in so doing."

The order of the district court is affirmed.