In re CO–BUILD COMPANIES, INC., a/k/a "West Indies Enterprises, Inc.," Debtor.

Richard I. RUBIN, Receiver of Co-Build Companies, Inc., a/k/a "West Indies Enterprises, Inc.," et al.

v.

VIRGIN ISLANDS REFINERY CORPORATION.

Bankruptcy No. 75–287.

United States District Court, E. D. Pennsylvania.

Jan. 19, 1976.

Stuart H. Savett, Philadelphia, Pa., for plaintiffs.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action is here on appeal, pursuant to § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), from a temporary restraining order entered by the bankruptcy court on April 3, 1975, and from stay orders entered on April 9, 1975, and April 16, 1975. The appeal is primarily concerned with the power of the bankruptcy court to exercise its summary jurisdiction.

On April 10, 1974, Co-Build Companies, Inc. ("Co-Build"), Warren Trafton and Rodgers Bressi entered into two contracts with appellant Virgin Islands Refinery Corporation ("VIRCO"), whereby VIRCO agreed to purchase certain tracts of real estate located in St. Croix, United States Virgin Islands. For reasons that are not entirely clear from the record, VIRCO never purchased the real estate. Co-Build, Trafton and Bressi then filed a complaint against VIRCO seeking specific performance of the contracts in the United States District Court for the Virgin Islands, Division of St. Croix ("Virgin Islands Action"). VIRCO filed an answer alleging that Co-Build had breached the contracts and counterclaimed to recover advance payments it had made pursuant to the agreements. In addition, VIRCO filed various discovery requests which are presently the subjects of motions to compel.

On February 18, 1975, Co-Build filed with the bankruptcy court for the Eastern District of Pennsylvania a Petition for Arrangement under Chapter XI of the Bankruptcy Act. 11 U.S.C. § 701 et seq. That same day, Richard I. Rubin was appointed as receiver. On March 14, 1975, Rubin, Trafton and Bressi commenced an adversary proceeding against VIRCO pursuant to Chapter XI Rule 11–61(a)(1) seeking specific performance of the above-mentioned contracts and an order restraining VIRCO from purchasing certain other properties. The Bankruptcy Judge, without notice to VIRCO, granted the restraining order and preliminarily enjoined it from purchasing those certain other properties.

On April 3, 1975, counsel for VIRCO made a special appearance before the bankruptcy court asking it to lift the March 14 preliminary injunction. At that time, VIRCO also filed a "Motion to Dismiss Complaint" for lack of subject matter jurisdiction and in personam jurisdiction, and a "Motion to Dismiss or Transfer Debtor's Chapter XI Proceedings and Adversary Proceedings Pursuant to Rule 11–61" for want of proper venue. After a hearing, the Bankruptcy Judge vacated the preliminary injunction. That afternoon, counsel for Rubin, Trafton and Bressi appeared again before the Bankruptcy Judge seeking a temporary restraining order to prevent VIRCO from purchasing the same properties that had been the subject of the vacated preliminary injunction. The Bankruptcy Judge granted the motion, apparently basing his decision upon submitted affidavits alleging that, if VIRCO was allowed to purchase other properties, it would be financially unable to perform its alleged contractual obligations as set forth in the complaint filed in the adversary proceedings.

On April 9, 1975, special counsel for the receiver appeared before the Bankruptcy Judge and moved for the entry of an order enjoining VIRCO from proceeding in any manner with the Virgin Islands Action. The motion was granted. On April 16, 1975, upon application by special counsel to the receiver, the Bankruptcy Judge further ordered VIRCO to withdraw its outstanding motion in the Virgin Islands Action to compel answers to interrogatories and to compel production of documents. Said stay orders were to remain in effect until the bankruptcy court determined the issue of jurisdiction raised by VIRCO in its response to the complaint filed by Co-Build in the

adversary proceeding. To date, the bankruptcy court has not ruled on that issue. This appeal followed.

■ The issue presented is whether the bankruptcy court had the power to exercise its summary jurisdiction over the contractual obligation which VIRCO allegedly owes to Co-Build. There is no question that a bankruptcy court in a Chapter XI proceeding has "exclusive jurisdiction of the debtor and his property, wherever located."[1] However, a bankruptcy court may only exercise summary jurisdiction if it can be determined that it has *possession,* either actual or constructive, of the property in question. "And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876, 880 (1940).[2]

■ It is apparent that *actual* possession is not involved in this case. Nevertheless, Co-Build contends that it had actual possession of the real estate involved in the agreements of sale at the time it filed the Petition for Arrangement and, as such, the bankruptcy court had summary jurisdiction over that property. We would agree with this proposition had that real estate been the object of Co-Build's adversary complaint. It was not. Rather, Co-Build's ultimate ob-

jective in bringing the suit was to recover money from VIRCO. Essentially, Co-Build's complaint is the equivalent of a bill for specific performance of a contract, *i. e.,* for money allegedly due and owing under two contracts. *See In re Avondale Farms Dairy, Inc.,* 25 F.Supp. 605 (E.D.Pa.1938). This alleged contractual obligation is a chose in action which, by its nature, cannot be in the physical possession of anyone. Therefore, we must determine if Co-Build had constructive possession of the chose in action.[3]

■ In order to determine whether the bankruptcy court had constructive possession of the alleged debt, a preliminary inquiry must be made into the nature of the dispute to ascertain whether VIRCO's adverse position is substantial or "so insubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense." *Harrison v. Chamberlin,* 271 U.S. 191, 195, 46 S.Ct. 467, 469, 70 L.Ed. 897, 900 (1926). If the latter, then summary jurisdiction is proper; if the former, the receiver "must resort to a plenary action in a court that has personal jurisdiction over the adverse claimant in order to establish that the property is an asset subject to the jurisdiction of the reorganization or bankruptcy court." *In re Lehigh Valley Railroad Company,* 458 F.2d 1041, 1044 (3d Cir. 1972).[4]

1. Section 311 of the Bankruptcy Act, 11 U.S.C. § 711, provides:

    Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located.

2. The Court notes that summary jurisdiction in a Chapter XI proceeding may be broader in scope than summary jurisdiction in ordinary bankruptcy. That is, in addition to having summary jurisdiction over property in its actual or constructive possession, a bankruptcy court in a Chapter XI proceeding has summary jurisdiction over all property *owned* by the debtor, regardless of what party has possession. *See In re Copeland,* 391 F.Supp. 134, 138–140 (D.Del.1975). Such a difference, however, will not affect the outcome of this appeal because, notwithstanding how the property is ultimately characterized (owned or possessed), if the opposing party substantially disputes the

debtor's claim to the property in question, the bankruptcy court may not exercise summary jurisdiction over that property. *Id.* at 140.

3. A chose in action may be property of the debtor within the meaning of § 311 of the Bankruptcy Act. 11 U.S.C. § 711. *Bayview Estates, Inc. v. Bayview Estates Mobile Homeowners Association,* 508 F.2d 405 (6th Cir. 1974). *See generally Willyerd v. Buildex Company,* 463 F.2d 996 (6th Cir. 1972); *In re Penn Central Transportation Company,* 453 F.2d 520 (3d Cir. 1971), *cert. denied,* 408 U.S. 923, 92 S.Ct. 2493, 33 L.Ed.2d 334 (1972).

4. Plenary jurisdiction is governed by § 23(b) of the Bankruptcy Act, 11 U.S.C. § 46(b). That section requires that a plenary action be filed in a federal district court where an independent basis of federal jurisdiction exists, unless the *defendant* consents to jurisdiction, or the case arises under §§ 60, 67 or 70 of the Bankruptcy Act, 11 U.S.C. §§ 96, 107 or 110. It is obvious that none of the exceptions apply in

It is clear from VIRCO's answer and counterclaim filed in the Virgin Islands Action that it disputes Co-Build's right to collect the alleged debt. But it is not clear from the record whether the nature of VIRCO's adverse position is substantial or plainly without color of merit. All that is before this Court is VIRCO's general allegations that Co-Build breached certain conditions contained in the contracts. Had VIRCO set forth the alleged breaches with greater particularity, this Court could finally determine the issue of summary jurisdiction. *See Willyerd v. Buildex Company,* 463 F.2d 996, 998, 1001–1002 (6th Cir. 1972). Without that particularity, it will be necessary to remand to the bankruptcy court so that it may decide whether VIRCO's adverse claim is in fact substantial. *See In re Penn Central Transportation Company,* 453 F.2d 520, 523 (3d Cir. 1971) (Seitz, C. J., concurring), *cert. denied,* 408 U.S. 923, 92 S.Ct. 2493, 33 L.Ed.2d 334 (1972). If it so finds, then the Bankruptcy Judge should dismiss Co-Build's adversary complaint.

■ Concerning the April 9 and 16, 1975, stay orders, the Bankruptcy Judge based his rulings upon Chapter XI Rule 11–44(a). That rule states:

A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

Before this rule may be invoked, it is necessary to determine if the alleged debt is the property of Co-Build *via* the constructive possession analysis. If the bankruptcy court finds VIRCO's claims

to be substantial, then it has no power to stay. *See Bayview Estates, Inc. v. Bayview Estates Mobile Homeowners Association,* 508 F.2d 405, 408 (6th Cir. 1974). Since this analysis was not made prior to the April 9 and 16, 1975, stay orders, they will be vacated.

■ Similarly, the bankruptcy court did not decide whether it had constructive possession of the alleged debt prior to its entering the April 3, 1975, temporary restraining order. Therefore, it too will be vacated. The Court notes, however, that even if the bankruptcy court was to find on remand that it had constructive possession of the alleged debt, it could not then reinstate the order restraining VIRCO from purchasing other properties. This is because the scope of the constructive possession only allows the bankruptcy court to determine the *rights* to the alleged debt, *i. e.,* that the debt is an asset of the bankrupt and, therefore, subject to the summary jurisdiction of the bankruptcy court. Such a finding does not then allow the bankruptcy court to go further and enjoin VIRCO from using its funds as it pleases, including the buying of other properties, simply because at some uncertain date in the future it may be more difficult to collect the debt from VIRCO. The bankruptcy court only has jurisdiction over the contractual obligation and not over the source from which it might eventually be satisfied.

■ Finally, VIRCO asks this Court to transfer the Chapter XI proceedings to the United States District Court for the Virgin Islands pursuant to Chapter XI Rule 11–13 and Bankruptcy Rule 116. Also, assuming that summary jurisdiction exists over the alleged debt, VIRCO asks that the Chapter XI adversary proceeding be transferred to the same district pursuant to Chapter XI Rule 11–61 and Bankruptcy Rule 782. We will not grant VIRCO's first request as such a determination is more properly made by

this case. Therefore, if the bankruptcy court does not find that it has summary jurisdiction over the alleged debt, Co-Build's action against VIRCO cannot be brought in the Eastern District of Pennsylvania, as there would be no independent basis of federal jurisdiction such as diversity of the parties or a federal question.

722

the bankruptcy court.[5] Similarly, VIR-CO's second request must await a determination by the bankruptcy court concerning summary jurisdiction. If the bankruptcy court finds that it has summary jurisdiction, then it should take up the question of transferring the Chapter XI adversary proceeding along with the question of transferring the entire Chapter XI proceeding.

An appropriate Order will be entered.

5. *See* Advisory Committee's Note, Bankruptcy Rule 116.