In re MANUFACTURERS TRADING CORP.
KIERSTED v. HADDEN.

No. 11352.

United States Court of Appeals
Sixth Circuit.

Feb. 5, 1952.

Seth C. Taft, Cleveland, Ohio (Jones, Day, Cockley & Reavis, all of Cleveland, Ohio, on the brief), for appellant.

B. B. Fensterstock, New York City (L. C. Wykoff, Cleveland, Ohio, on the brief,

Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Zalkin & Cohen, New York City, of counsel), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Robert W. Kiersted appeals from an order of the district court denying his motion to abate a contempt commitment and to vacate an order to testify in bankruptcy proceedings. The factual background of the case is set forth in Kiersted v. Hadden, 6 Cir., 194 F.2d 948.

Appellant rests his appeal on various grounds: first, that it was error for the district court to hold that it had no jurisdiction to grant the motion, pending an appeal from the contempt commitment. Nothing appears in the record disclosing that the district court determined the motion on the basis of any lack of jurisdiction, or on the ground that an appeal was pending.

Appellant further contends that he has purged himself of the contempt, and that the district court, therefore, erred in refusing to abate the contempt commitment and vacate the order to testify. This claim is based upon the fact that subsequent to the order adjudging appellant in contempt, and pending the appeal from such order, the Trustee in Bankruptcy brought a plenary action against appellant in the same district court in which the contempt proceedings took place; that in the plenary action, a subpoena duces tecum was served upon appellant identical to the subpoena that had been served upon him in the reorganization proceedings; that appellant subsequently, in his deposition, was asked and answered the same question on which the contempt order had been based, and, further, testified at great length concerning matters about which the Trustee had stated he wished to examine him in the reorganization proceeding and concerning which, at that time, he had refused to testify. All of these contentions were submitted to the district court, which, nevertheless, held that appellant had not purged himself of the contempt theretofore committed.

In considering whether appellant, by his testimony in the plenary suit, had purged himself of the contempt committed before the Special Master in the reorganization proceedings, it is necessary to distinguish between the nature of an examination in bankruptcy and an examination of a witness during the trial of a civil action. The scope of examination permitted under Section 167 of the Bankruptcy Act, 11 U.S.C.A. § 567, is of considerable latitude and embraces a much broader area of inquiry than is permitted in an examination or cross-examination of a witness during the course of a trial of a civil action. It does not appear what particular inquiries the Trustee wishes to conduct in the bankruptcy proceedings, or what questions he desires to ask appellant, but it is conceivable that appellant would be obliged to submit to a much more extensive examination in bankruptcy than in the plenary action. If appellant desires to purge himself of the contempt, he may, at the present time, submit to the court and answer whatever questions the Trustee may properly require of him in the bankruptcy proceeding. From the record before us, the district court was not in error in holding that appellant had failed to purge himself of contempt.

Finally, appellant submits that the case has been rendered moot because of the impossibility of his compliance with the order of the court requiring him to testify in the bankruptcy proceedings. In advancing this contention, appellant argues that, subsequent to the entry of the order requiring appellant to testify before the Special Master, and adjudging him in contempt, the district court entered an order superseding the reorganization proceedings and directing that bankruptcy be proceeded with; that, thereupon, the reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., were terminated; that the reference theretofore made by the court to the Special Master was superseded; that, accordingly, there was no Special Master before whom appellant could appear to purge himself of contempt; and that compliance with the

court's order to testify before the Special Master thereby became impossible.

■ The reorganization proceedings in this case, however, were not, at any time, terminated. Under the Bankruptcy Act, the effect of an order in reorganization proceedings, directing that bankruptcy be proceeded with, is that the proceedings thereafter are conducted, so far as possible, in the same manner and with like effect, as if a petition in bankruptcy had been filed at the time when the petition for reorganization was filed, and a decree of adjudication had been entered at the time that such petition for reorganization was approved. Section 238 of the Bankruptcy Act. Title 11 U.S.C.A. § 638.

■ While, under an order directing that bankruptcy be proceeded with, the officer before whom an examination is held becomes the Referee, superseding the Special Master theretofore appointed under the reorganization proceedings, the duties of the Referee are, for all practical purposes, the same as were the duties of the Special Master. The contempt of appellant in this case was not contempt of the officer to whom the matter had been referred for examination, but, rather, contempt of the court. In its essence, it consisted, not in refusing to testify before the Special Master, but in refusing to testify in the proceedings which are currently pending. In these proceedings, which are merely a continuation of the reorganization proceedings, appellant can submit himself to the court, and on a showing that he is ready to purge himself of contempt, may render obedience to the court's order and continue his examination. For the court, having the power to amend its orders in furtherance of the administration of justice, unless restricted by statute, may, at any time, modify the prior order of reference by substituting the Referee for the Special Master as the examining officer before whom appellant is required to continue his testimony in obedience to the order of the court to testify. Appellant's contention that the case is moot because of impossibility of compliance with the court's order is without substance.

In accordance with the foregoing, the order of the district court denying appellant's motion to abate the contempt commitment and to vacate the order to testify is affirmed.

Judge MILLER dissents from the foregoing for the reasons stated in his dissenting opinion in Kiersted v. Hadden, Trustee, Nos. 11,290 and 11,291, decided this day.