May SPACH, Trustee, Appellant,

v.

JOHNINA, INC., a Florida Corporation, Appellee.

No. 18409.

United States Court of Appeals
Fifth Circuit.

June 21, 1961.

Rehearing Denied Sept. 13, 1961.

Robert R. Frank, Miami Beach, Fla., Frank & Weston, Miami Beach, Fla., for appellant.

Irving M. Wolff, Alvin M. Sandler, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

TUTTLE, Chief Judge.

Following an adjudication of bankruptcy of the estate of Hyman Z. and Doris G. Gorin, doing business as Don Juan Men's Wear, the trustee, appellant here, petitioned the bankruptcy court for a turn over order as to certain monies allegedly belonging to the bankrupt estate and in the possession of appellee. This money, $5,700 in amount, was held by Johnina, Inc. as landlord of the property of the premises occupied by the bankrupt, and was claimed by it to stand

---

5. Naturally this means that we join in so much of Judge Smith's opinion as reverses the dismissal of certain claims.

as security for any unpaid rentals on the premises.

Responding to the order to show cause why it should not surrender the $5,700 on a "turn over" order, Johnina, without alleging any facts to support its motion, filed a special appearance "for the sole purpose of contesting jurisdiction of the Referee."[1]

Whatever may have been the facts, it is clear that upon the hearing of this motion the Referee correctly entered an order overruling the motion and setting down the issue on the merits.

Thereafter Johnina filed its answer on the merits. As a defense it asserted that some $5,400 of rent had accrued under the lease and that this amount represented damages actually suffered by it, compensation for which was payable out of the $5,700 deposit.

This answer was attacked for being filed too late, and, second, that the defense was "a sham in fact."

Thereafter the case came on for a hearing on the merits. The record discloses that the parties discussed the lease contract and discussed amounts of alleged past due rent, but it discloses no testimony and no proof on the part of Johnina seeking to establish the truth of its answer. As well as we can understand the action of the Referee, he treated the matter as though Johnina would not be entitled to retain the security even if the facts were proved. However, he simply entered an order directing a turn over of the funds. Thereafter, appellee filed its petition for review, asserting (1) the lack of summary jurisdiction, and (2) the lack of evidence to support the trustee's right to the said sum of money. Thereupon the Referee filed his certificate of review with the District Court. In this certificate the Referee stated, correctly we think, that, "the respondent failed to produce any testimony to establish its claim of set off to the claim of the trustee."

Upon its consideration of the matter, the trial court reversed the order of the Referee on the ground, "the Referee did not possess summary jurisdiction in the matter in that the petitioner, Johnina, Inc., did have a real and substantial claim against the security deposit retained by the said Johnina, Inc."

■ The parties all agree to the controlling legal principles, that is that the trustee is entitled to a turn over order to property held by another if the latter has no real claim to the property, but merely a colorable claim. See Nicholas v. Peter Pan Snack Shop, 5 Cir., 256 F.2d 349, 354. In case there is only a colorable claim the money in question is considered to be in the constructive possession of the Referee and subject to his summary jurisdiction. See Collier on Bankruptcy, ¶23.03 et seq., ¶70.44.

■ It is clear that the proof by the appellee, Johnina, that it held the $5,700 in accordance with the terms of the lease agreement would not be sufficient to entitle it to retain the sum as liquidated damages, for a provision such as that here involved[2] has been held by the

---

1. The grounds for this motion were as follows:

"1. That no jurisdiction or process has been had against Johnina, Inc. in connection with the above-styled bankruptcy action.

2. That the questions raised in the Petition for Turn-Over Order are questions to which Johnina, Inc. is entitled to a trial by jury.

3. That there is no basis for requiring Johnina, Inc. to submit itself to a summary proceeding, and further it demands to have its rights determined in a plenary action."

2. The applicable provisions of the agreement were:

"It is Understood and Agreed that in the event that the Lessee shall * * * fail to perform the terms, covenants and conditions of this lease, or shall surrender or abandon the demised premises or any part thereof prior to the end of the demised term, or shall fail to deliver possession of the demised premises to the Lessor upon the termination

Florida courts to amount to a penalty rather than liquidated damages. Stenor, Inc. v. Lester, Fla., 58 So.2d 673, at page 675.[3]

 Thus the burden was on the landlord to prove the amount of his actual damages, once it was clear that the Referee had acquired jurisdiction over the issue by failure of the appellee, in its motion to quash, to assert any factual basis for its claim. This the appellee failed to do. The record before us shows nothing more than a colloquy between the Referee, counsel for the trustee, counsel for the bankrupt and counsel for Johnina, Inc. (who was not the counsel on this appeal), which was little more than a discussion of the legal points involved. No effort was made by the landlord to tender proof of damages.

It appears that the District Court, in entering its order of reversal, assumed that the allegations contained in the answer of Johnina, Inc. were asserted in the motion to quash. If they had been so alleged we would agree with the trial court that the Referee did not have jurisdiction for summary order. However, this is not what is disclosed by the record before us, and we must, therefore, find that the trial court erred in reversing the order of the Referee retaining jurisdiction over the matter.

In the appeal here Johnina does not contend that the Referee erred in its determination on the merits. We conclude, therefore, that the order of the trial court must be reversed. It is not clear whether, upon reversal, the Referee has the authority to grant a new

hearing on the merits of the trustee's claim to the $5700 deposit and of Johnina's claim to retain a substantial part of it for rents actually due and unpaid at the time of bankruptcy. We, therefore, deem it appropriate to remand the case to the trial court for a vacation of its order and a remand to the Referee for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

of this lease in accordance with the terms hereof, or if the Lessee shall be dispossessed from the demised premise, or if this lease shall be canceled by reason of any default on the part of the Lessee, then and in any such event the full amounts deposited as security aforesaid shall become the property of the Lessor without any claim to said amount or and part thereof by the Lessee, and the Lessee shall have no right of action, claim or demand against said sums of money or any part thereof * * *."

3. "The fundamental rule recognized almost universally is that when the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. * * * The prime factor is whether the sum named is just compensation for the damage resulting from breach. * * *"