In the Matter of **FOUR SEASONS NURSING CENTERS OF AMERICA, INC.,** and **Four Seasons Franchise Centers, Inc.**

No. 72–1475.

United States Court of Appeals, Tenth Circuit.

Dec. 19, 1972.

E. W. Keller, Oklahoma City, Okl. (Jackie L. Ashurst and Preston, Thorgrimson, Starin, Ellis & Holman, Seattle, Wash., on the brief), for Valley Building Corp. and Lambuth, Sill & Sprague, Inc., respondents-appellants.

Donald R. Wilson, Oklahoma City, Okl. (John A. Johnson, Oklahoma City, Okl., on the brief), for James R. Tolbert, III, Reorganization Trustee, appellee.

Before BREITENSTEIN, HOLLOWAY and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this appeal we are concerned with a Chapter X reorganization affecting Four Seasons Franchise Centers, Inc. The district court in summary proceedings ordered respondents Valley Building Corporation and Lambuth, Sill & Sprague, Inc., to turn over to the trustee $5,000 which they had received from an escrow agent.

In February, 1970, Franchise executed an "Earnest Money Receipt and Agreement" relating to its purchase of property in King County, Washington. Valley was the seller and Lambuth the broker. In March, 1970, Franchise and the seller executed an escrow instruction agreement whereby the $5,000 was turned over to Northern Bonded Escrows, Inc., which is not a party to this appeal. The trial court treated the first agreement as controlling and the respondents do not here object.

The earnest money agreement provided that the property was to be free of encumbrances or defects and that the seller was to provide title insurance. If the title was not insurable and could not be made insurable by the termination date, the earnest money was to be refunded and all rights of the purchaser ended. The termination date was fixed at 120 days from the date of acceptance by the seller. June 17, 1970, was the last possible termination date.

The Chapter X petition of Franchise was filed and approved on August 12, 1970. The escrow agent paid the $5,000 to Valley and Lambuth on April 23, 1971. The application for a turnover order was filed by the trustee on March 22, 1972, and on the same day the court entered a restraining order and an order to show cause. The seller and broker filed a special appearance attacking the jurisdiction of the court and supported it by two affidavits. The allegations and supporting statements are that the transactions occurred in Seattle, Washington, that Valley and Lambuth are Washington corporations, that they had no Oklahoma contacts, that they had performed, that Franchise had not performed, and that under the earnest money agreement the $5,000 was forfeited and had been turned over to them.

At a hearing before the court, respondents presented no evidence. The trustee, over objections, presented a title report which showed encumbrances against the property. For reasons to be developed later we find it unnecessary to determine the validity of the objections.

The question is whether the court could order the turnover in sum-

mary proceedings. The claim of the respondents is that recovery can be had by the trustee only in plenary proceedings. In a Chapter X reorganization the court in which the petition is filed has "exclusive jurisdiction of the debtor and its property, wherever located." 11 U.S.C. § 511. The controlling date is that of filing the reorganization petition. 6 Collier on Bankruptcy, 14th ed., ¶ 3.04 [1], p. 426.

█ A bankruptcy court may not summarily adjudicate a controversy over property held adversely to the bankrupt estate, under a substantial claim of right, without consent of the adverse claimant. Harrison v. Chamberlin, 271 U.S. 191, 193, 46 S.Ct. 467, 70 L.Ed. 897. See also 2 Collier on Bankruptcy, 14th ed., ¶ 23.07 [2], pp. 524, 528; and Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 67, 89 L.Ed. 558. This rule is applicable to proceedings under Chapter X. See Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1, 5, cert. denied 308 U.S. 559, 60 S.Ct. 100, 84 L.Ed. 470, a case involving § 77, the predecessor of Chapter X.

█ Respondents say that their claim is substantial because of performance and possession by them. Neither in their special appearance nor in their supporting affidavits did the respondents assert the delivery or tender of the title policy required by the earnest money receipt. At the evidentiary hearing, respondents offered no proof with regard thereto. We are left with nothing more than conclusory statements of performance, and that is not enough. See 2 Collier on Bankruptcy, 14th ed., ¶ 23.07, p. 522, and In re American National Trust, 7 Cir., 426 F.2d 1059, 1065. Respondents' reliance on the last cited case is misplaced. We have no quarrel with the principles there stated. In that case the trustee claimed in summary proceedings earnest money held by one who had proceeded with the performance of an executory contract and the court held that the claim was substantial and must be determined in plenary proceedings. 426 F.2d at 1064–1066. In the case at bar the respondents were given a hearing at which they could have supported their claim of performance, and they did not do so.

The claim of possession has no merit. Respondents received the $5,000 from the escrow agent many months after the filing of the reorganization petition. At that date the escrow agent had possession, and, absent performance by the respondents, it was bound to repay the money to Franchise. Indeed, Franchise had constructive possession because under the earnest money agreement it was entitled to repayment if the respondents did not perform by the termination date, which had passed before the filing of the reorganization petition. When the petition was filed constructive possession passed to the trustee.

The record fails to show either that the respondents were entitled to the money or that they had possession thereof when the reorganization petition was filed. In the circumstances we need not consider whether the title report offered by the trustee was admissible in evidence. The respondents' claim was merely colorable because it had no justification in law or in fact. Hence, a plenary action was not necessary and the trial court properly proceeded to make summary disposition. See Fitzgerald v. W. F. Sebel Co., Inc., 10 Cir., 295 F.2d 654, 656–657.

Affirmed.