In the Matter of Charles A. STEEN, Bankrupt.

Bill KELLY, Plaintiff,

v.

STEEN ARABIAN HORSE RANCH, a partnership, et al., Defendants.

No. BK–R–68–206.

United States District Court, D. Nevada.

Sept. 15, 1975.

Aaron Holman, New York City, George W. Abbott, Minden, Nev., and D. Ray Owen, Jr., Salt Lake City, Utah, for Charles A. Steen and Minnie Lee Steen.

Richard W. Horton, Reno, Nev., for Bill Kelly.

## ORDER

THOMPSON, District Judge.

Charles A. Steen filed a petition for an arrangement under Chapter XII of the Bankruptcy Act on May 8, 1968. On March 23, 1973, he was adjudicated a bankrupt.

A complaint was filed in the Bankruptcy Court on November 29, 1973, against the Steen Arabian Horse Ranch, a partnership, Charles A. Steen, Minnie Lee Steen, John C. Steen, Charles A. Steen, Jr., Andrew Steen and Mark A. Steen to require an accounting of the bankrupt's interest in the Steen Arabian Horse Ranch partnership which had been dissolved by the bankruptcy of Charles A. Steen, Sr. A trial was held. At its conclusion, the Bankruptcy Judge made comprehensive findings of fact and conclusions of law, struck an account as of May 8, 1968, and entered judgment against all defendants except the bankrupt in the sum of $93,408.42.

In an order dated March 28, 1975, this Court indicated that it would affirm the findings, conclusions and judgment appealed from but had some reservations as to whether the accounting should have been struck as of May 8, 1968, the date on which Charles A. Steen filed his petition for an arrangement, or as of March 23, 1973, the date on which he was adjudicated a bankrupt. The Court invited briefs by the parties with respect to the proper date as of which the account should be struck. The Court now addresses that issue.

Section 87.310, Nevada Revised Statutes, declares a partnership to be dissolved "by the bankruptcy of any partner or the partnership." The issue of what is the effective date of "bankruptcy" when a petition for an arrangement is followed by an adjudication of bankruptcy is one of first impression—in Nevada as well as in other states.

The Trustee contends that the filing of the petition by Mr. Steen on May 8, 1968 resulted in a constructive adjudication in bankruptcy as if a decree of adjudication had been entered on that date. In support of his contention, the Trustee cites 9 Collier on Bankruptcy ¶ 7.07 at 1021 (14th Ed.), which reads:

"Chapter XII provides for the proposal of an arrangement which has for its primary purpose the alteration or modification of the rights of creditors holding debts secured by real property or a chattel real of which the debtor is the legal or equitable owner. The petition under Chapter XII does not seek an adjudication in bankruptcy, although such may be entered. The filing of a Chapter XII petition, however, results in a constructive adjudication for various purposes * *. [N]umerous provisions of Chapters I to VII are entirely consistent with the administration of a case under Chapter XII. Therefore, where a petition is filed under § 422 of Chapter XII, § 457 makes the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor, where not inconsistent with the provisions of Chapter XII, the same during the Chapter XII administration of the case as they would have been if the debtor had filed a voluntary petition for adjudication in bankruptcy under Chapters I to VII and if a decree of

adjudication had been entered at the time the Chapter XII petition was filed. In other words, the filing of a § 422 petition results in a constructive adjudication under § 457 for the purposes of the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor * *." [Footnotes omitted.)

The passage taken from Colliers does not fully contemplate the issue in the present case. We are here concerned with the effect of the filing of a Chapter XII petition on the rights and duties of the presumably solvent partners as well as on the "debtor who could become a bankrupt."

Appellants contend that the effective date of bankruptcy adjudication does not relate back to the date of the filing of a Chapter XII petition. In support of their contention, Appellants cite cases which generally provide that the partnership is dissolved when bankruptcy is decreed by a competent tribunal. See, e. g., *Amsinck v. Bean,* 89 U.S. (22 Wall.) 395, 403, 22 L.Ed. 801 (1874). The courts in the cases cited by Appellants did not consider the precise issue presented in this case and, therefore, the dicta of those cases are only tangentially in point.

In its March 28, 1975 order, the Court noted that the purpose of a Chapter XII petition is to rehabilitate the debtor. That purpose is to be distinguished from the purpose of a petition for bankruptcy which is to liquidate the debtor. Cf. 6 Collier, ¶ 1.05[4] at 205–206, which reads, with respect to a Chapter X corporate reorganization:

"In the ordinary bankruptcy proceeding under Chapters I–VII of the Act, the estate is administered for the purpose of collecting and reducing the bankrupt assets to money for distribution among the * * * creditors * * *. [Chapter X] does not contemplate a liquidation at the outset. It aims rather at reviving the debtor as a going concern by means of a plan embracing a modification of stockholders' and creditors' interests, together with any other changes necessary to put the debtor on a sound financial footing * * *." (Footnotes omitted.)

The comparison between Chapter X and Chapter XII proceedings is relevant—at least in the first instance —since the principal purpose of Chapter XII is to furnish relief to individual debtors similar to that Chapter X furnishes to corporations. See 6 Colliers ¶ 0.12 at 120–121. In a situation in which a corporation files a Chapter X petition when no bankruptcy proceeding is pending, § 236(2) (11 U.S.C. § 636(2)) of the Act provides that if the plan is not consummated, the judge may as one alternative enter an order adjudging the debtor a bankrupt. Thus, a liquidation is not contemplated within the reorganization proceeding itself. However, § 238 of the Act (11 U.S.C. § 638) provides that upon an order directing that bankruptcy be proceeded with, the proceeding shall thereafter be conducted so far as possible in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time when the petition under this chapter was filed and a decree of adjudication had been entered at that time. See also *Hercules Services Parts v. United States,* 202 F.2d 938 (6th Cir. 1953); In re *Manufacturers Trading Corp.,* 194 F.2d 961 (4th Cir. 1952). Thus, the date of adjudication of bankruptcy relates back to the date of the filing of a petition whether the petition is one for an arrangement filed by an individual or one for a reorganization filed by a corporation.

A partnership is a different kind of business entity. A partnership is to be treated as an "entity" only for some purposes and as an "aggregate of individuals" for other purposes. Cf. *Mason v. Mitchell,* 135 F.2d 599 (9th Cir. 1943). The first sentence of § 5i of the Act, 11

U.S.C. § 23(i), implies that a partnership is not adjudged bankrupt until the last partner is adjudged bankrupt. See, also, Kennedy, A New Deal for Partnership Bankruptcy, 60 Columbia Law Review 610, 648 (1960). The second sentence of § 5i provides that if one or more but not all of the general partners of a partnership is adjudged bankrupt, the partnership property shall not be administered in bankruptcy unless by consent of the general partner(s) not adjudged bankrupt. We infer that the intent of these two provisions of § 5i is to protect the rights of the presumably solvent members of the partnership.

A petition under Chapter XII by an individual in financial distress does not effect a dissolution of a partnership of which he is a member. The partnership enterprise continues as a going concern until the adjudication of bankruptcy, which *ipso facto*, under state law accomplishes its dissolution. N.R.S. 87.310. The bankruptcy doctrine of relation back of an adjudication following institution of chapter proceedings is not applicable by rote in every situation. Equitable principles are a guiding factor in all bankruptcy matters. Cf. In re *Atlas Sewing Centers, Inc.*, 437 F.2d 607, 615 (5th Cir. 1971).

When the rights of presumably solvent partners of a partnership are considered in light of the purpose of chapter proceedings, i. e., to rehabilitate rather than liquidate the debtor, it would be unfair to require that the partnership be dissolved when there is a possibility that the individual debtor will be financially rehabilitated. Therefore, the partnership was dissolved on, and the partners are required to account as of, March 23, 1973, the date on which Charles A. Steen was adjudicated a bankrupt.

Accordingly, *it hereby is ordered:*

1. The findings of fact and conclusions of law made by the Bankruptcy Judge are affirmed except insofar as the Bankruptcy Judge ordered that the account should be struck as of May 8, 1968.

2. The judgment is reversed and this action is remanded to the Bankruptcy Judge for further proceedings consistent with this opinion.