In the Matter of Harold MORRISON, Trustee of Atlas Concrete Pipe, Inc., and/or Atlas Concrete Conduit, Inc., Plaintiff and Counter Defendant Appellee,

v.

ROCCO FERRERA & CO., INC., a Michigan Corporation, Defendant and Counter Plaintiff Appellant.

No. 74–60655.

United States District Court, E. D. Michigan, S. D.

Nov. 17, 1975.

Stewart A. Newblatt, Flint, Mich., for plaintiff and counter defendant appellee.

Robert L. Segar, Flint, Mich., for trustee.

William R. Brashear, Livonia, Mich., for defendant and counter plaintiff appellant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is an appeal from an order by Bankruptcy Judge Harold H. Bobier denying the defendant and counter-plaintiff's motion to dismiss for lack of jurisdiction.

On March 15, 1974, Atlas Concrete Pipe, Inc., plaintiff-appellee herein, filed a petition under Chapter X for reorganization. This petition was approved and a trustee was appointed. After an order had been entered that all proceedings to collect receivables be heard before Harold H. Bobier, Bankruptcy Judge, sitting by reference, the trustee commenced an action against Rocco Ferrera & Co., Inc. for alleged indebtedness. Defendant-appellant filed an answer with a demand for jury trial and a counterclaim for breach of contract.

At this point, the Chapter X proceedings were terminated, plaintiff-appellee was adjudicated a bankrupt, and the proceedings were referred to Bankruptcy Judge Bobier for liquidation. Twelve days thereafter, on March 11, 1975, defendant-appellant filed a motion to dismiss the suit brought by the Chapter X trustee on the grounds that the Chapter X proceedings had been terminated and on the grounds that the Bankruptcy Court did not have jurisdiction over a case involving the collection of a receivable owed to the bankrupt, absent the consent of the account debtor.

At a hearing on May 6, 1975, the bankruptcy judge ruled that he had jurisdiction to proceed under the general referral and that, in any event, defendant-appellant's allegations of adverse claim were generally stated and led to the conclusion that the adversity was merely colorable. Following the denial of the motion to dismiss, a receiver was appointed in the bankruptcy proceedings and the Chapter X trustee resigned.

On appeal, the parties raise the following issues:

(1) Should a motion to dismiss be granted where the moving party is a defendant-debtor in a suit brought in the United States Court by a trustee under Chapter X proceedings when the Chapter X proceeding has been dismissed, its trustee discharged, and no substitution

has been made by the receiver subsequently appointed in an ordinary bankruptcy proceeding?

(2) Does the bankruptcy court in an ordinary bankruptcy proceeding have jurisdiction over an account receivable of a bankrupt corporation so as to render a personal judgment against the account debtor, absent the consent of the account debtor to this jurisdiction?

(2A) Can the filing of an answer by defendant-debtor in a suit by a trustee under Chapter X proceedings, where the United States District Court clearly had jurisdiction, be construed as a consent to confer jurisdiction in the bankruptcy court in a subsequent bankruptcy proceeding?

## I.

There is no merit in appellant's contention that the motion to dismiss should have been granted because the Chapter X proceedings were terminated and the Chapter X trustee was no longer the real party in interest. The proceedings following the termination of Chapter X proceedings are continuous therewith, so that the person who is appointed the receiver or trustee in bankruptcy assumes the position of real party in interest formerly held by the Chapter X trustee.

The language of Section 238 of the Bankruptcy Act, 11 U.S.C. § 638, provides that proceedings after reorganization are to be conducted:

"  .   .   . in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time when the petition under this chapter was filed, and a decree of adjudication had been entered at the time when the petition under this chapter was approved."

The clear intent of this section is to "roll the clock back" so that matters commenced under the reorganization proceeding are treated as if begun under ordinary bankruptcy proceedings and the ordinary bankruptcy proceeding is treated as if begun when the reorganization proceedings began. *In re Manufacturers Trading Corp.,* 194 F.2d 961 (C.A.6, 1952; *In the Matter of Atlas Sewing Centers Inc.,* 437 F.2d 607, 614 (C.A.5, 1971).

Colliers on Bankruptcy, Fourteenth Edition, Volume 6A, Section 12.05(3), dealing with results following the entry of an order that bankruptcy be proceeded with, states the rule:

"(U)pon failure of the reorganization and the entry of an order under Section 236(2), the proceeding in effect becomes one of involuntary bankruptcy. The order directing bankruptcy liquidation, however, does not initiate a *new* bankruptcy proceeding at that point; the order instead is merely one in a continuous proceeding begun when the original petition for bankruptcy is filed." (emphasis in original, footnotes omitted)

It is clear, thus, that the proceedings following the entry of an order that bankruptcy be proceeded with are a continuation of the Chapter X proceedings. As such, there is no reason why the receiver or trustee in bankruptcy should not step into the shoes of the Chapter X trustee as the real party in interest. Section 238 states:

"(A) trustee shall be elected or appointed pursuant to section 72 of this title and shall supersede any trustee previously appointed."

This last-quoted language clearly implies that the trustee in bankruptcy, when appointed, shall take over from the Chapter X trustee. Due to the continuous nature of the proceedings, there is no reason why the receiver in bankruptcy would not stand in the same position.

Accordingly, upon the appointment of a receiver, the receiver became the real party in interest to the action commenced by the Chapter X trustee. It is irrelevant that the receiver had not been appointed when appellant filed his motion to dismiss. Bankruptcy Rule 717, making Rule 17 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings, allows a reasonable time after objection for substitution. The de-

lay of six days between objection and appointment of the receiver was not unreasonable.

## II.

Appellant also maintains that his motion to dismiss should have been granted because a bankruptcy court may not exercise its jurisdiction to enforce a debt against a debtor of the bankrupt without the debtor's consent. There is support in authority for appellant's position, but for the reasons stated herein, the Court is of the opinion that the controlling rule is that the bankruptcy court may determine and enforce the rights of various claimants to any property which is within its possession.

Although it is well established that a court of bankruptcy may determine the rights of claimants to property within its possession, this rule has been held inapplicable where the property consists of a chose in action and the trustee is undertaking to enforce the bankrupt's claim against the debtor. In general, see Colliers on Bankruptcy, Fourteenth Edition, Volume 2, Section 23.05. There is no valid reason for imposing this distinction.

Colliers, *supra,* at 23.05(4) states that a bankruptcy court may determine the rights of various claimants to an intangible which is within its constructive possession:

"Where the intangible consists of a chose in action, such as a debt or a contract claim, such intangible may be said to be in the constructive possession of the bankruptcy court so as to enable the court summarily to determine the rights of various claimants to the chose in action, if the bankrupt remained the legal owner up to the time of filing of the petition." (footnote omitted)

If the bankruptcy court may determine the rights of claimants to a chose in action, it may also enforce those rights against the debtor of the bankrupt. Section 2(a)(7) of the Bankruptcy Act, 11 U.S.C.A. § 11(a)(7) (1970) creating the jurisdiction of the bankruptcy courts, confers original jurisdiction in both law and equity to:

"cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as otherwise herein provided."

█ If a chose in action is within the estate of the bankrupt, Section 2(a)(7) does not limit the bankruptcy court to determining controversies but also empowers the court to collect the debt.

█ The only limitation imposed on Section 2(a)(7) is that stated in Section 23 of the Bankruptcy Act, which makes the act inapplicable to certain suits by the trustee or receiver against adverse claimants. It is well settled that this section does not limit the jurisdiction of the Bankruptcy Court where the court has the property in question in its possession. Thus, in *Murphy v. John Hoffman Co.,* 211 U.S. 562, 568–569, 29 S.Ct. 154, 156, 53 L.Ed. 327, 330 (1909), in discussing the jurisdiction of bankruptcy courts under the statute, the Supreme Court stated:

"[J]urisdiction . . . is limited to courts where the bankrupt himself could have prosecuted the action . . but, where the property in dispute is in the actual possession of the court of bankruptcy, there comes into play another principle, not peculiar to courts of bankruptcy, but applicable to all courts, Federal or state. Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property."

Colliers on Bankruptcy, Fourteenth Edition, Volume 2, Section 23.04(2) states the same rule:

"The power of a bankruptcy court to act summarily regarding controversies over property in its actual or construc-

tive possession, and proceedings arising in the course of administration, is not in any way restricted by the terms of § 23." (footnotes omitted)

The question, thus, is why a court in bankruptcy may not enforce a chose in action against the obligor thereon where such is within the court's constructive possession. The answer traditionally given is that the procedure in bankruptcy is primarily summary, as opposed to an adversary procedure, and that it requires a plenary action with adversarial procedures to enforce a chose in action.[1] This view was echoed by this court in the case of *In the Matter of Hammond Standish & Co.,* 126 F.Supp. 353, 355 (E.D.Mich.1954), where the court held that the bankruptcy court could not exercise its jurisdiction to enforce a chose in action against the debtor without the debtor's consent. Quoting from *In Re Standard Gas & Electric Co.,* 119 F.2d 658, 661–662 (C.A.3, 1941), this court stated:

> "In a broad sense a claim by a third person is property of the debtor. As such the reorganization court may direct the prosecution by the trustee of the debtor if it is appropriate to do so in order to effect the debtor's reorganization. But it is a species of property which may only be realized upon for the benefit of the debtor and its creditors by the successful prosecution of a plenary suit against the third persons involved."

■ This distinction between property claims which may be enforced summarily and those which require resort to an adversarial procedure is no longer a viable basis on which to determine whether the bankruptcy court may exercise its jurisdiction.

The new Bankruptcy Rules, in Part VII, make complete provisions for adversary proceedings. Rule 701, in particular, states that these rules govern any proceeding instituted by a party before a bankruptcy judge to recover money or property. Rule 102 states that all proceedings in the case, implicitly including adversary proceedings, are to be before the referee except as specifically provided. Given the clear intent of the new rules that adversary proceedings be conducted before the referee, and these rules having made ample provision for adversary proceedings, there no longer remains any reason to deny the bankruptcy court this aspect of the jurisdiction conferred upon it.

This district's proposed local rules fully support this approach. Proposed Rule 3, Local Rules in Bankruptcy of the United States District Court for the Eastern District of Michigan, authorizes the Bankruptcy Judges of this District Court to exercise all of the authority with which they have been empowered:

"3. JURISDICTION.

> The Bankruptcy Judges of this District Court shall have concurrent jurisdiction in all divisions of this district, and they and each of them are hereby empowered and authorized to do all acts, conduct all proceedings, render all judgments and orders and perform all duties as prescribed by the Bankruptcy Act, the Rules of Bankruptcy Procedure, these rules or the rules of the United States District Court applicable in a civil action."

■ Thus, in deciding whether the bankruptcy court has jurisdiction, the court need not look into whether an adversary procedure is proper. Rather, the test for jurisdiction in the bankruptcy court is whether it has possession, either actual or constructive, of the property in question. *McCullough v. Matimore,* 271 F.2d 161 (C.A.6, 1959); *In the Matter of Lehigh Valley R.R.,* 458 F.2d 1041 (C.A.3, 1972). The bankruptcy court has constructive possession of a chose in action if the bankrupt remained the legal owner thereto up to the time of filing the petition and if there is not a bona-fide

---

1. The summary-plenary distinction relates to procedural rights and does not per se define jurisdiction. *Matter of Tax Assn. of Illinois,*

305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100 (1938), reh. den. 305 U.S. 674, 59 S.Ct. 247, 83 L.Ed. 437.

dispute as to the actual existence of the chose in action. *Willyerd v. Buildex Co.,* 463 F.2d 996 (C.A.6, 1972); Colliers on Bankruptcy, Fourteenth Edition, Volume 2, Section 23.05, footnote 30 and cases cited therein.

Applying these considerations to the instant case, the bankruptcy judge conducted a hearing at which time he determined that appellant's claim of adversity was colorable only. Appellant does not challenge this finding, but asserts instead that a chose in action cannot be enforced in a court of bankruptcy because resort to a plenary procedure is required. If appellant's claim of adversity was colorable only, though, the bankruptcy court would have jurisdiction, as there would not be a bona-fide dispute as to the existence of the chose in action.

■ The court's review of the record satisfies it that the bankruptcy court does have jurisdiction. The Chapter X trustee, in filing suit against Rocco Ferrara & Co., alleged that plaintiff delivered and sold to the defendant merchandise in a sum exceeding $110,000, which amount remains unpaid. Defendant, in its answer, admitted the existence of the contract and the delivery of the goods, but alleged that plaintiff did not furnish the goods agreed upon. Accepting the allegations of the plaintiff, defendant owes it money. Accepting the allegations of the defendant, it has property belonging to plaintiff in its possession. Defendant's general denial of liability does not oust the bankruptcy court of jurisdiction. *In the Matter of Four Seasons Nursing Centers of America Inc.,* 472 F.2d 744 (C.A.10, 1972); *Spach v. Johnina,* 291 F.2d 619 (C.A.5, 1961), *cert. den.* 368 U.S. 985, 82 S.Ct. 599, 7 L.Ed.2d 523.

## II A.

■ Even if it did not have the property in question within its constructive possession, the bankruptcy court would have jurisdiction to enforce the obligation of appellant to the bankrupt. Dur-

ing the Chapter X proceedings, but after the proceedings had been referred to the referee to collect receivables, appellee filed the claim in question and appellant responded by filing an answer and a counterclaim. Appellant's filing of a counterclaim was a clear consent to the jurisdiction of the bankruptcy court.

Colliers on Bankruptcy, Fourteenth Edition, Volume 2, Section 23.08(1) states the well-recognized rule that the bankruptcy court acquires jurisdiction over a claim involving property which is not in its possession by the consent of the adverse claimant:

"It is well settled that in all cases where a party is entitled to the determination of his rights in a plenary action, he may nevertheless consent to the exercise of summary jurisdiction by the bankruptcy court and in that manner have his rights adjudicated."

■ The filing of a counterclaim is an unequivocal consent to the bankruptcy court's jurisdiction when done without objection. *Tamasha Town and Country Club v. McAlester Construction Finance Corp.,* 252 F.Supp. 80 (S.D.Cal., 1966); *James Talbot Inc. v. Glavin,* 104 F.2d 851 (C.A.3, 1939), *cert. den.* 308 U.S. 598, 60 S.Ct. 130, 84 L.Ed. 501. It is irrelevant that the bankruptcy judge was sitting by reference during Chapter X proceedings. The referee, the same as a judge of bankruptcy in ordinary bankruptcy proceedings, has no power to hear the issues involved in regards to property in the possession of one who is asserting an adverse claim. *Weidhorn v. Levy,* 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898 (1920). In general, see Colliers on Bankruptcy, Fourteenth Edition, Volume 6, Section 3.13. Since the jurisdiction of a referee and of a judge in bankruptcy in ordinary bankruptcy proceedings are the same in this respect, appellant's consent to the referee's jurisdiction is equally a consent to the jurisdiction of the court in the later bankruptcy proceedings. As was fully discussed in part I of this Opinion, the bankruptcy proceedings are continuous with the Chapter X proceed-

ings and are to be conducted as far as possible as if the bankruptcy proceedings were commenced when the Chapter X proceedings were commenced. Moreover, a consent to jurisdiction, once given, cannot be withdrawn. *Operators' Piano Co. v. First Wisconsin Trust Co.,* 283 Fed. 904 (C.A.7, 1922).

For all of these reasons, the finding of the Bankruptcy Court that it has jurisdiction over the claim in question is affirmed and the case is remanded for trial.

IT IS SO ORDERED.