PER CURIAM.
 

 Appellant Charles Darwin Davidson, the trustee in bankruptcy and attorney for the bankrupt estate of BSC Audio, Inc. (hereafter the debtor), brought an adversary proceeding in bankruptcy under the Bankruptcy Act of 1898 (as amended)
 
 [1]
 
 to recover the proceeds of an insurance policy issued by the Insurance Company of North America (INA) to the debtor. The insurance policy covered losses due to the theft of debtor’s inventory. Debtor had filed a claim for losses resulting from a series of burglaries that occurred shortly before filing its petition for bankruptcy.
 

 Before answering debtor’s complaint, INA filed a motion to dismiss or transfer the action to the district court on the ground that the bankruptcy court lacked subject matter jurisdiction under section 23 of the 1898 Act, 11 U.S.C. § 46 (1976). That section provided:
 

 § 46. Jurisdiction of controversies between receivers and adverse claimants
 

 (a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had been between the bankrupts and such adverse claimants.
 

 (b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title.
 

 The bankruptcy court denied the motion.
 

 
 *226
 
 The district court
 
 [2]
 
 reversed the bankruptcy court’s decision that it had subject matter jurisdiction to resolve the dispute over the claim for insurance proceeds. We affirm.
 

 Under the 1898 Act, the bankruptcy court had jurisdiction to adjudicate all controversies relating to property within the actual or constructive possession of the bankruptcy court, except when a substantial adverse claim existed. 11 U.S.C. §§ 11(a)(7), 46 (1976) (formerly). The bankruptcy court reasoned that the debtor’s claim against INA constituted property (j.e., a chose in action) within the constructive possession of the bankruptcy court. In an unpublished memorandum the bankruptcy court then concluded:
 

 [I]t is immediately apparent that the right to sue [INA] under the existing insurance contract was a chose in action, or form of intangible personal property, which the trustee inherited as the legal successor of the debtor’s interests. Nor is there any question of adverse ownership, as the property must — if it exists at all— reside, barring assignment, in the estate of the bankrupt; to the exclusion of any other claimant.
 

 Which is not to
 
 say
 
 that the trustee wiii necessarily prevail in his attempt to secure the proceeds of the policy from [INA].
 
 That will be a matter for trial and proof. He is, however, entitled to seek his remedy in this Court. In fact he is not only permitted to, but jurisdiction elsewhere would be improper:
 

 The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them.
 
 Murphy v. John Hoffman [Hofman] Co.,
 
 211 U.S. 562, 29 S.Ct. 154, 156, 157, 53 L.Ed. 327 (1909).
 

 INA then answered the complaint, setting forth three policy exclusions as affirmative defenses. The matter was tried to a jury which decided in debtor’s favor. INA appealed to the district court.
 

 The trustee argued on the basis of the district court’s decision in
 
 Morrison
 
 v.
 
 Rocco Ferrera & Co.,
 
 409 F.Supp. 1364, 1369-70 (E.D.Mich.1975),
 
 aff’d on other grounds and remanded,
 
 554 F.2d 290 (6th Cir.1977),
 
 cert. denied,
 
 434 U.S. 925, 98 S.Ct. 405, 54 L.Ed.2d 283 (1977), that the bankruptcy court could summarily enforce a chose in action against the obligor where the bankruptcy court was in constructive possession of the chose in action and there was no bona fide dispute about the actual existence of the chose in action. However, in its opinion the district court concluded that
 

 only in those rare instances in which no
 
 bona fide
 
 defense may be asserted against the claim, had the issue been litigated as a purely civil matter, may the bankruptcy referee exercise summary jurisdiction over choses in action. This is not such a case, and thus, under this interpretation, there is no support for the exercise of summary jurisdiction by the referee over the insurance claim.
 

 Davidson v. Insurance Co. of North America,
 
 35 B.R. 722 (W.D.Ark.1983). The court futher stated that if the bankruptcy court were permitted to exercise jurisdiction to adjudicate a chose in action regardless of the validity of the underlying claim, the court would be unconstitutionally usurping the power of Article III courts.
 
 Cf. Northern Pipeline Const. Co. v. Marathon Pipeline Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
 

 On appeal, the trustee renews his argument, based on the district court opinion in
 
 Morrison, supra,
 
 that constructive possession of the debtor’s chose in action by the bankruptcy court empowered that court to adjudicate the action. The trustee also claims that the district court improperly applied the Supreme Court’s holding in
 
 Northern Pipeline
 
 to the present litigation.
 

 
 *227
 
 “Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession.”
 
 Thompson v. Magnolia Petroleum Co.,
 
 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940). The Supreme Court held in
 
 Cline v. Kaplan,
 
 323 U.S. 97, 98-99, 65 S.Ct. 155, 156, 89 L.Ed. 97 (1944), that
 

 [i]f the property is not in the court’s possession and a third person asserts a
 
 bona fide
 
 claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated ‘in suits of the ordinary character, with the rights and remedies incident thereto.’ . .. Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court.
 

 See
 
 §§ 2(a)(7) and 23 of the Bankruptcy Act of 1898, 11 U.S.C. §§ 11(a)(7), 46 (1976) (formerly).
 

 In sum, the bankruptcy court’s jurisdiction under the 1898 Act depends upon a res in its possession, actual or constructive, or the consent by the party adverse to the trustee. While the trustee in the instant case is correct in arguing that the debtor’s chose in action against IN A is estate property within the constructive possession of the bankruptcy court,
 
 see
 
 section 70(a)(5), (6), he makes the mistake of concluding that the bankruptcy court consequently has jurisdiction to enforce his claim. This conclusion is based on the erroneous assumption that the chose in action and the specific property or funds sought to be recovered in the possession of the third party are the same property. In
 
 Hollywood National Bank v. Bumb,
 
 409 F.2d 23, 25 (9th Cir.1969), the court observed: “[S]ince the present action is not to recover any specific property or fund which was once part of the bankrupt estate, but is, rather, to enforce a chose in action,
 
 i.e.,
 
 to collect damages for breach of contract and thereby obtain indemnification, this is not a proper case for summary jurisdiction.” Similarly, the Third Circuit in
 
 In re Standard Gas & Electric Co.,
 
 119 F.2d 658, 661-62 (3d Cir.1941), held: “In a broad sense a claim by a debtor against a third person is property of the debtor.... But it is a species of property which may only be realized upon .. . by the successful prosecution of a plenary suit against the third persons involved.” Thus, the bankruptcy court may not, absent consent, adjudicate a debtor’s claim against a third party holding a fund, for such debt- or is not in actual or constructive possession of any property.
 
 See Baker v. Troiano,
 
 468 F.2d 430, 433 (2d Cir.1972);
 
 In re United Merchants & Manufacturers, Inc.,
 
 3 B.R. 286, 298-99 (Bkrtcy.S.D.N.Y.1980).
 

 The trustee’s reliance on the district court’s opinion in
 
 Morrison
 
 is misplaced.
 
 Morrison
 
 involved a petition for reorganization under Chapter X of the 1898 Bankruptcy Act seeking to recover accounts receivable from a debtor of the bankrupt. On appeal the Sixth Circuit implicitly rejected the trial court’s suggestion that a court in bankruptcy had jurisdiction to enforce the bankrupt’s chose in action against his obli-gor. Jurisdiction was appropriate in Morrison only because the bankrupt’s obligor did not timely complain as required by section 2a(7) of the 1898 Act.
 
 Morrison v. Rocco Ferrera & Co.,
 
 554
 
 F.2d
 
 at
 
 297.
 

 Both parties in the present case attempt to raise several alleged errors the bankruptcy court is said to have committed during the course of the trial. In view of our holding that the bankruptcy court lacked jurisdiction to enforce the debtor’s claim, it is not necessary for us to reach those allegations of error. Nor need we reach the question of constitutionality of the bankruptcy court’s actions.
 

 The judgment of the district court based upon a lack of bankruptcy jurisdiction under the 1898 Act is affirmed.
 

 [1]
 

 . Although the Bankruptcy Reform Act of 1978 replaced the Bankruptcy Act of 1898, the savings provision in the 1978 Act provided that the 1898 Act, as amended, would govern all bankruptcy proceedings commenced prior to October I, 1979. Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, Title 4, § 403(a), 92 Stat. 2683 (Nov. 6, 1978). Because the present bankruptcy case was instituted before October
 
 *226
 
 1, 1979, the substantive and procedural rules under the 1898 Act apply.
 

 [2]
 

 . The Honorable H. Franklin Waters, Chief Judge, United States District Court, Western District of Arkansas.