**H. L. GENTRY CONSTRUCTION COM-
PANY, Debtor-Appellant,**

v.

**NORTH CAROLINA NATURAL GAS
CORPORATION, Rosson-Richards
of N. C., Inc., et al., Appellees.**

**No. 14969.**

United States Court of Appeals
Sixth Circuit.

March 29, 1963.

Archie Katcher, Detroit, Mich. (Rosenburg, Painter, Stanton & Bullen, J. Adrian Rosenburg, Jackson, Mich., and Katcher & Feldman, Detroit, Mich., on the brief), for appellant.

David E. Henderson, Charlotte, N. C., and I. Murchison Biggs, Lumberton, N. C. (Allen, Hipp & Steed, Thomas W. Steed, Jr., Raleigh, N. C., Henderson & Henderson, William A. Shuford, Charlotte, N. C., Johnson, Biggs & Britt, Lumberton, N. C., Lassiter, Moore & Van Allen, Robert W. King, Jr., Charlotte, N. C., on the brief), for creditor-appellees.

Donald W. McCoy, Fayetteville, N. C. (McCoy, Weaver & Wiggins, Fayetteville, N. C., on the brief), for North Carolina Natural Gas Corp., appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The H. L. Gentry Construction Company, debtor-appellant, entered into two contracts with North Carolina Natural Gas Corporation for the performance of some construction work including the installation of 233 miles of pipeline for a natural gas transmission system in North Carolina. The Gentry Company fully performed its contracts and the Gas Company was in possession of the pipeline and was using it at the time this litigation arose.

The debtor-appellant encountered unanticipated construction problems and at the time of the completion of the contracts it was indebted to fifty North Carolina creditors in the sum of $174,507.81. Additional creditors ultimately increased the indebtedness to $341,520.17. The Gas Company under its contract had retained the sum of $141,911.48, which it was holding at the time of the completion of the contracts. The facts are fully stated in the opinion of the trial judge, to which reference is hereinafter made.

After becoming thus involved financially, the Gentry Company filed a petition in bankruptcy in the United States District Court for the Eastern District of Michigan, for an arrangement under Chapter XI of the Bankruptcy Act, Title 11 U.S.C.A. § 701 et seq. In this proceeding the debtor sought to have the Bankruptcy Court take jurisdiction of the fund retained by the Gas Company and order it paid to the Trustee in Bankruptcy to be administered for the benefit of all of the creditors.

Three questions were presented to the District Court: 1. Did the Bankruptcy Court have jurisdiction of the fund retained by the Gas Company? 2. Did the creditors who made claims against the fund in the possession of the Gas Company waive their rights to object to the jurisdiction of the Bankruptcy Court by filing claims in that court? and 3. Could the creditors who participated in the fund file claims with the Trustee for the full amount of their claims? Determination of the first question required consideration and interpretation of the North Carolina lien law.

Judge Freeman of the District Court, on petition for review of the decision of the Referee in Bankruptcy, held that the Bankruptcy Court did not have jurisdiction of the fund in question; that creditors who made claims against the fund did not waive their rights to object to the jurisdiction of the Bankruptcy Court; and that creditors who participated in the fund held by the Gas Company could file claims with the Trustee in Bankruptcy for the full amount of the indebtedness to them.

Gentry Construction Company, the debtor, appealed to this Court. The appeal was submitted to the Court upon the briefs and appendices of the parties and the oral arguments of counsel.

The trial judge wrote a comprehensive opinion in which he fully discussed the issues presented and cited pertinent and applicable authorities in support of his conclusions. The opinion is reported at 200 F.Supp. 546. Upon consideration of the entire record of the case, as submitted to us, we conclude that the views expressed by the trial judge in his opinion are correct and that his conclusions are supported by applicable law.

The judgment of the District Court is affirmed.