LAY, Chief Judge.
 

 At issue in this appeal is the bankruptcy court’s jurisdiction to adjudicate the respective rights of a bankrupt subcontractor and a general contractor in money retained by the general contractor under their subcontract.
 

 On June 29, 1975, Fiberglass Specialty Co. entered into an agreement to design, manufacture, and install tank covers on a water pollution control facility being built in Estherville, Iowa, by Bor-Son Construction, Inc. Thereafter, Fiberglass subcontracted with Crewmasters to provide labor for the installation. Fiberglass began erecting the tank covers in March 1977. It completed work in November 1977. Upon completion, Bor-Son retained $66,191.31 of the contract money to ensure payment of all liens arising from the work of Fiberglass. Under clause two of the subcontract, Fiberglass agreed:
 

 To pay for all materials, skills, labor and equipment used in or in connection with the performance of this Subcontract, when and as bills or claims therefor become due, and to save and protect the Project, the Owner, and the Contractor from all claims and mechanics’ liens on account thereof, and to
 
 furnish satisfactory evidence to the Contractor when and if required,
 
 that he has complied with the above requirements. This provision shall not be construed as a waiver of the right of the Subcontractor to file and enforce a lien claim as against the Owner in the event of the Contractor’s failure to pay the Subcontractor.
 

 (Emphasis added.)
 

 Clause F of the subcontract provided:
 

 If notification of any claims have been made against the Subcontractor or the Contractor arising out of labor or materials furnished the Project or otherwise on account of any actions or failures to act by the Subcontractor in the performance of this Subcontract, the Contractor may, at his discretion, withhold such amounts otherwise due or to become due hereunder to cover said claims and any costs or expenses arising or to arise in connection therewith pending legal settlement thereof. This right of the Contractor shall not be exclusive of any other rights of the Contractor herein or by law provided.
 

 Four subcontractors of Fiberglass filed liens on the project. On March 28, 1978, Fiberglass filed in bankruptcy court for an arrangement under Chapter XI of the Bankruptcy Act of 1898.
 
 [1]
 
 Pursuant to rule 11 — 44, an automatic restraint on any actions against the debtor and its property became effective. On April 3, 1978, the bankruptcy court restrained every action and proceeding against Fiberglass and its property. On May 18, 1978, Fiberglass notified Bor-Son of the filing and demanded payment of the funds retained by Bor-Son. On September 18, 1978, Fiberglass commenced an action in bankruptcy court to recover the funds retained by Bor-Son.
 

 On September 29, 1978, Bor-Son notified Fiberglass that certain doors installed by Fiberglass had to be replaced. Bor-Son told
 
 *80
 
 Fiberglass that the doors were defective and that they were covered by Fiberglass’ warranty. Fiberglass took no steps to correct the defect and Bor-Son had the work done and backcharged Fiberglass. The amount expended to replace the doors was $3,872.00.
 

 On October 16, 1978, Bor-Son informed Fiberglass that all subcontractors would be paid by Bor-Son if they were not paid by Fiberglass prior to October 23, 1978. In October and November of 1978, Bor-Son, without obtaining the permission of the bankruptcy court, paid all claimants who filed liens on the Estherville project, payments totaling $62,112.72. Among the payments allegedly made was a payment to Crewmasters of $29,526.12.
 

 On May 29, 1979, Bor-Son filed a claim for $66,184.12 against Fiberglass in bankruptcy court. Thereafter, on June 5, 1978, Crewmasters filed a claim for $29,456.22 against Fiberglass in bankruptcy court.
 
 [2]
 

 The bankruptcy judge found Bor-Son liable to Fiberglass for the amount retained by Bor-Son under the subcontract. The judge concluded that all but one of the payments Bor-Son had made to Fiberglass’ subcontractors benefited the debtor’s estate. He allowed Bor-Son to deduct $34,-703.13 from the retainage fund. However, the bankruptcy judge refused to allow a deduction for the payment to Crewmasters. The judge found that Fiberglass had already paid Crewmasters the $29,526.12. Judgment was thereafter rendered against Bor-Son and in favor of Fiberglass for $31,-488.18 plus interest. The parties consented to have the case reviewed by a United States Magistrate. The magistrate affirmed the order of the bankruptcy court in all respects. Bor-Son now appeals.
 

 Issues.
 

 Bor-Son contends that the retained money was not Fiberglass’ property and thus that it did not violate an order of the bankruptcy court by paying the lien holders. Bor-Son also urges that even if the retain-age is Fiberglass’ property, Bor-Son is enti-tied to set off the payment to Crewmasters. Bor-Son argues that it was prejudiced by Fiberglass’ failure to plead payment as an affirmative defense to Bor-Son’s counterclaim. It also claims that Fiberglass must bear the loss of any alleged prior payment because of principles of (1) negligence, (2) estoppel, (3) ratification, (4) indemnity, and (5) restitution. In addition, Bor-Son contends that there was insufficient competent evidence to support a finding of overpayment to Crewmasters and that under the law of application of payments Fiberglass cannot recover the amount Bor-Son paid to Crewmasters. Finally, Bor-Son contends it is not liable for interest paid to Fiberglass’ subcontractors.
 

 Jurisdiction.
 

 Bor-Son alleges the retained funds were not Fiberglass’ property. Although Bor-Son does not directly raise the issue, this allegation requires us to examine the bankruptcy court’s jurisdiction to adjudicate the claim. Section 311 of the Bankruptcy Act provides:
 

 Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor
 
 and his property,
 
 wherever located.
 

 11 U.S.C. § 711 (1979) (emphasis added). The bankruptcy court cannot assert jurisdiction over a res in which the debtor does not have a property interest.
 

 The bankruptcy court has jurisdiction over property in the actual and constructive possession of the debtor. It is well settled that property held by another is not in the constructive possession of the debtor if there is a substantial adverse claim to the property.
 
 Harrison v. Chamberlin,
 
 271 U.S. 191, 195, 46 S.Ct. 467, 469, 70 L.Ed. 897 (1926);
 
 Bradley v. St. Louis Terminal Warehouse Co.,
 
 189 F.2d 818, 824 (8th Cir. 1951). This analysis has been applied to choses in action held by the bankrupt.
 
 See Willyerd v. Buildex Co.,
 
 463 F.2d 996, 999-1000 (6th Cir. 1972);
 
 In re Lehigh Valley Railroad Co.,
 
 458 F.2d 1041, 1043-44
 
 *81
 
 (3rd Cir. 1972);
 
 In
 
 re
 
 Co-Build Companies, Inc.,
 
 408 F.Supp. 717 (E.D.Pa.1976).
 
 [3]
 

 In this case, we must decide if Fiberglass held a property interest under the Bankruptcy Act in the fund retained by Bor-Son. If Fiberglass simply had a contractual cause of action, Fiberglass or the trustee in bankruptcy can only enforce the contract in a court of general jurisdiction.
 
 See In re Standard Gas & Electric Co.,
 
 119 F.2d 658, 661-62 (3d Cir. 1941); 4A Collier on Bankruptcy ¶ 70.28[1], at 389 (J. Moore and L. King 14th ed. 1978).
 

 Other federal courts which have confronted this issue have held that the bankrupt subcontractor has only a cause of action under the subcontract which must be enforced in a court of general jurisdiction.
 
 See Green v. H. E. Butt Foundation,
 
 217 F.2d 553 (5th Cir. 1954);
 
 In re H. L. Gentry Construction Co.,
 
 200 F.Supp. 546 (E.D.Mich.1961),
 
 aff’d,
 
 314 F.2d 945 (6th Cir. 1963);
 
 cf. Bayview Estates, Inc. v. Bayview Estates Mobile Homeowners Association,
 
 508 F.2d 405 (6th Cir. 1974) (rent held in escrow);
 
 In re Wiltse Brothers Corp.,
 
 357 F.2d 190 (6th Cir. 1966) (bankruptcy court had jurisdiction because no liens filed against project);
 
 Polish v. Johnson Service Co.,
 
 333 F.2d 545 (3d Cir. 1964) (retained fund does not vest in bankruptcy trustee under section 70(a)).
 
 But see Butler v. Pacific National Insurance Co.,
 
 375 F.2d 518 (9th Cir. 1967) (fund retained by state pursuant to statute).
 

 We find the money retained by BorSon is not Fiberglass’ property. Bor-Son was not in the position of a trustee or bailee. Bor-Son retained the money under a claim of right arising from clause F of the subcontract.
 
 See Willyerd v. Buildex Co.,
 
 463 F.2d 996, 999-1000 (6th Cir. 1972) (no jurisdiction to enforce payment under construction contract when breach alleged). At the time the bankruptcy petition was filed, Fiberglass’ right to the funds was not undisputed and had not been established. Almost 60 years ago, Justice Brandéis described the nature of a contract creditor’s claim against his debtor:
 

 [A]n unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property; and, although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course.
 

 Pusey & Jones Co. v. Hanssen,
 
 261 U.S. 491, 497, 43 S.Ct. 454, 455, 67 L.Ed. 763 (1923).
 

 We conclude that Fiberglass possessed merely a chose in action against Bor-Son and that the bankruptcy court therefore lacked jurisdiction to adjudicate the parties’ respective rights to the retained funds.
 
 [4]
 
 We thus reverse and remand the case to the district court with direction to vacate the order of the bankruptcy court for lack of jurisdiction.
 

 [1]
 

 . The 1898 act rather than the Bankruptcy Act of 1978, which became effective on October 1, 1979, governs this case. See Pub.L.No.95-598, 92 Stat. 2549, 2682 (1978).
 

 [2]
 

 . Crewmasters did not appear at trial and the bankruptcy court expunged its claim.
 

 [3]
 

 . If an obligor admits the obligation to the bankrupt and its amount, the bankruptcy court may exercise jurisdiction over the property immediately.
 
 See In re Lehigh Valley Railroad Co.,
 
 458 F.2d 1041, 1044 (3d Cir. 1972).
 

 [4]
 

 . Because we find that the bankruptcy court lacked jurisdiction to hear this case, we need not address the substantive issues raised by Bor-Son.